ANDREAS GARCIA V. THE STATE.

No. 6136.    Decided March 9, 1921.

1.—Burglary—Evidence—Confessions—Fruits of the Crime.

Where, upon trial of burglary, the evidence showed that the defendant and his companion were arrested together; that some of the property taken from the burglarized house was identified in their possession, and after being placed in jail, both made a confession to the sheriff and informed him where the other stolen property could be found, whereupon the sheriff took along the co-defendant who pointed out the place where he found the property, there was no error in introducing this joint confession against the defendant, although the defendant was not present at the time the property was found; Distinguishing Crowder v. State, 28 Texas Crim. App., 51.

2.—Same—Case Stated—Confession—Joint Defendants—Conspiracy.

Where, upon trial of burglary, the evidence disclosed that defendant and his co-defendant were acting together in the alleged burglary, and that both of them made confessions, being together at the time they were made and in the presence of each other, the same were admissible in evidence against the defendant, both of them informing the officer where the stolen property was hidden and where he afterwards found it, although he took along the co-defendant alone to point out the place.    Following Blake v. State, 81 Texas Crim. Rep., 87.

3.—Same—Evidence—Voluntary    Statement—Examining    Trial—Refreshing Memory.

Where defendant was arrested and upon an examining trial before a justice of the peace made a voluntary statement under the statutes, which was offered and admitted in evidence by the State, and it was not clear whether the justice of the peace had made the statement to defendant that his confession could be used for or against him, and during the examination the State's attorney showed that the warning was read from the statutes, and also the certificate of the justice of the peace was handed to him to refresh his memory, there was no reversible error, neither the certificate nor the statute being introduced in evidence, and there being no requested charge that this matter should be submitted to the jury.

4.—Same—Exclusive Possession—Property Stolen.

Where, upon trial of burglary, there was evidence that some of the alleged stolen property was found in the possession of the defendant and his

co-defendant when they were arrested shortly after the burglary, and that both were acting together in the offense, there was no error in admitting testimony as to finding some of the property stolen as the result of the joint confession of the defendant and his co-defendant; the contention being that this property so found was not taken from the personal possession of the defendant.

5.—Same—Rule Stated—Conspiracy—Possession of Stolen Property.

Even after the conspiracy is ended, as an exception to the general rule, it may be shown that a co-conspirator, or a co-defendant, was found in possession of the fruits of the crime, etc., and where in the instant case the defendant and his co-defendant were together, and the property was found at least under their joint care and possession, there was no error in admitting such testimony.

Appeal from the District Court of Comal. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Linden* and *Martin,* for appellant.—On question of confession: Cited Bagget v. State, 65 Texas Crim. Rep., 425; Pressley v. State, 64 id., 127, and cases cited in opinion.

On question of examining trial testimony: Aiken v. State, 64 S. W. Rep., 57; Salas v. State, 31 Texas Crim. Rep., 485; Pressley v. State, 64 id., 127.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of burglary and his punishment assessed at two years in the penitentiary.

On the afternoon of May 27, 1920, the store of Max W. Meyer, situated about four miles from the City of New Braunfels, was burglarized. The appellant and Bentura Rodriguez were arrested that night in the City of San Antonio ,charged with burglary. They were together sleeping on the same cot when arrested. Some of the property later identified as having come from the burglarized store was found, some under the cot and some lying on their clothes in the room. Both appellant and Rodriguez were placed in jail in Comal County, and they seem to have sent for the sheriff, Mr. Adams, and made a confession to him. The admission of this confession in evidence as against the appellant is made the basis of appellant's first bill of exceptions. The sheriff testified that the parties sent for him, and that he talked to both of them together in jail, and that both of them told him they burglarized the store in question and had hidden some of the property they got from the store "out close to a fence in some weeds this side of Meyer's store, about one hundred yards south." The sheriff further said that he was unwilling to risk finding the property from

the description they had given of the place; that he was afraid he would be unable to find it, and that he took the smaller of the men, Rodriguez, with him, and that he pointed out the place where they hid it, and that he, the sheriff, found the stuff at the place where appellant told him it was hidden, about one hundred yards this side of Meyer's store in the weeds. That appellant did not go with them but was left in jail. There is no contention that at the time the confession was made by appellant and his codefendant that any warning was given which would bring it within the statute as a written confession, but it is contended by the State that it was admissible because the statements made were found to be true, and conduced to establish his guilt, and fruits of the crime were discovered as a result of the confession. Art. 810 C. C. P. Vernons. Counsel for appellant insists that it was error to have permitted the confession of appellant to go before the jury, because the property was found not by reason of what he, appellant, told the sheriff, but was pointed out by his codefendant in his absence and while in jail, and, therefore, does not come within that clause of the statute on confessions providing, "unless in connection with said confession he makes statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he he states the offense was committed." We are cited in appellant's brief, among other cases, to that of Crowder v. State, 28 Texas Crim. App. 51. That is perhaps the strongest case to which we are referred. After a discussion of the facts and some illustrations, the following language is used as stating the general rule: "We believe that the statute requires that the facts and circumstances stated by the accused must be found to be true in pursuance of or by means of the information received from the accused, and that if they are found to be true from any other source than that emanating from defendant, his confession will not be admissible." As a statement of a general rule the foregoing may be conceded to be the law, and yet it is well to know what facts the eminent jurist had in mind when it was written, because in view of the facts disclosed in that case the statement of the rule aforesaid is eminently pertinent. In that case a store had been burglarized and money stolen. I appeared that only one party had entered the store, and that he wore overshoes. A pair of overshoes was found in the sample room of a hotel where Crowder and another negro named Stewart worked and where the two slept. Crowder was arrested and put in the calaboose. If Stewart was ever arrested the record is silent with reference to it. James, the town marshall, made some statements to Crowder to the effect that he knew Stewart was connected with appellant in the burglary, and that some money had been found in the loft of the hotel. It appears this statement from James was not true. but thereupon Crowder told James that he, Crowder, had concealed the money at a certain place in the hotel loft. James went to look for the money but failed to find it, and returned to the calaboose to take

Crowder to the hotel and have him point it out. While James was gone after Crowder the other negro Stewart showed the hotel proprietor where he, Stewart, claimed Crowder had hid the money. The proprietor got the money, and when James brought Crowder to the hotel the latter went to the place where the money had been found, and when shown the money said he had gotten it from the store. Under that state of facts this court said: "From the evidence it is rendered certain that but one person entered the house. Was it the defendant, or was it Stewart? Did Stewart learn of the whereabouts of the money from defendant? Or did the defendant learn of the place where the money was hid from Stewart? Did the defendant steal the money and inform Stewart of the fact, and also inform him of its place of concealment? or did Stewart steal the money and give such information to defendant?" No such state of facts exist in the case now under consideration. The evidence discloses in this case that appellant and Rodriguez were acting together in burglarizing the store, and that both of them made confessions, being together at the time they were made, and made in the presence of each other. Under such state of facts the confessions of both or either would be admissible if not otherwise objectionable. Blake v. State, 81 Texas Crim. Rep., 87, 193 S. W. Rep., 1064. If Rodriguez had confessed in appellant's presence and appellant had remained silent, and Rodriguez had then gone and pointed out the property, it could not have been used against appellant. Couch v. State, 58 Texas Crim. Rep., 505, 126 S. W. Rep., 866. If Rodriguez had confessed in the absence of appellant and pointed out the property, it could not have been used against appellant. Overstreet v. State, 67 Texas Crim. Rep., 565, 150 S. W. Rep., 636. When both appellant and Rodriguez confessed to the sheriff, and described as best they could where the stolen property was hidden, if the sheriff had expressed doubt as to his ability to find the place, and some third party had aided the sheriff in its location, the property surely would have been recovered as a result of said confessions upon the "statement of facts or circumstances found to be true which conduce to establish appellant's guilt." When both make confessions describing the place where the stolen articles are hidden, and in order to facilitate the search and make certain the recovery of the stolen goods, the officer takes one of the parties and with his aid find the articles at the very place described by the one left behind, we think no violence is done the general rule, and no legal right of the appellant is jeopardized by holding it not error under such circumstances to admit the confession and the facts with reference to finding the stolen articles. Counsel for appellant cites us to no case presenting the exact question under consideration, and we have been unable to find one directly in point. The other cases cited by appellant in his brief upon this proposition are merely cases in which the general rule of law applicable in such cases is stated. The purpose of guarding the admission of confessions made under these circumstances

is to protect parties who may under stress of circumstances be in-clined to make admissions of guilt where it may be thought by them to be to their advantage to do so, or to prevent them from being con-fronted with alleged statements which were never made by them. There can be no question in the case now under consideration that the confessions were made by both the appellant and his codefendant, and that the property was found at the exact place described by both of them in the confessions, and the fact that the sheriff was aided or facilitated in his search by appellant's codefendant it seems to us does not make the confession inadmissible as against appellant. We can-not conceive where any harm under such a state of facts can come to the appellant, and to hold otherwise would be to extend the rule to that point where it would seem unreasonable.

After the appellant was arrested and upon an examining trial before Emil Voelcker, justice of the peace, in Comal County, he made a vol-untary statement under the statute which was offered by the State and admitted in evidence over the strenuous protest of the appellant. The next two bills of exception relate to that transaction and will be treated together. It is not necessary to set out the statement made by the ap-pellant in full, but it was a confession of his guilt to the burglary as charged in the indictment, and associated with him in the burglary his codefendant Bentura Rodriguez. The two bills with reference to this matter are exceedingly long and will not be set out in full, but it ap-pears therefrom that when the State called Emil Voelcker to the wit-ness stand to prove the warning that had been given the appellant be-fore the statement was made, the said Voelcker testified that he ad-vised him, in substance, that he could make a statement if he desired to, but unless he did wish to make a statement that he need not do it, and that if he made any statement the same could be used "against him" or "for him." Appellant then objected to the introduction of the statement upon such answer of the witness, that he told the appel-lant the statement could be used either for or against him, because it did not comply with the statute, and, therefore, rendered the state-ment inadmissible; whereupon the district attorney proceeded further to examine the witness Voelcker, appellant's counsel objecting in vari-ous ways and upon many occasions. It appears that during the pro-gress of further examination by the district attorney the statute was handed to the witness Voelcker and also the certificate made by him with reference to the examining trial or to the statement made by the appellant, and counsel's bills of exception undertake to present as error that the said witness had no right to refresh his recollection as to what character of warning he gave the appellant from an examination of the statute or his certificate. We agree with appellant's counsel that if a witness did in fact refresh his recollection from an inspection of the statute or pretend to do so, in the absence of a showing that the warning was read from the statute, or that the statute was in some way used in connection with the warning, it would be improper, but upon

88 Tex.—39.

a close inspection of the bill, while it states the statute was handed to him by the district attorney, and also his certificate, and states that after he had pretended to refresh his recollection he then made certain statements, but it nowhere appears in the bills that the witness Voelcker did in fact examine the statute, and, therefore, that feature of the bill of exceptions passes from our consideration. Upon counsel's contention that the witness had no right to refresh his recollection by reference to his certificate, we are cited to only one case, that of Brez v. State, 39 Texas, 96, in an opinion which was rendered by Judge Ogden. Upon an examination of that case, the exact question was not before the court. There it was held that the certificate itself could not be introduced in evidence. There was no offer or effort made to introduce the certificate in the instant case, but it was only sought to be used for the purpose of permitting the witness Voelcker to refresh his recollection as to the warning given the appellant. In Vol. 11, Ency. of Ev., p. 105, is found this language: "A public officer called as a witness may refresh his memory by entries in the records of his office which he knew at the time of making to be correctly made." We can see no objection to the witness Voelcker using his certificate attached to the confession if it aided him in recalling to his mind the facts that transpired at the time. Of course, the certificate itself would not be admissible in evidence over objection. After he had made the statement in the beginning of his examination, that he advised the appellant the statement could be used either for or against him, upon further examination by the district attorney the witness became uncertain upon this point, and finally said, after an examination of the certificate, he believed he only told the witness that the statement could be used against him. We are inclined to reach the conclusion, from an inspection of the entire bill with reference to the matter, that the testimony of the witness Voelcker raised an issue of fact upon this point. If the said witness had testified that he gave the warning, and that had been controverted by the appellant or any other witness, it would have raised an issue of fact, and it would have been proper for the court under proper instructions to have submitted that issue to the jury. It occurs to us that when the testimony of the witness was so uncertain, he having contradicted himself and made one statement at the beginning of his testimony and another at the conclusion, that it would have perhaps left the jury in doubt as to what he really did tell the appellant upon that point, and that the issue of fact was raised as completely as though there had been a conflict between different witnesses, and that the proper course to have been pursued would have been for counsel for appellant to have requested an instruction from the court, that if the jury believed that the witness Voelcker had informed appellant that the statement could be used either for or against him, that they could not consider such statement for any purpose. No such request having been made, we find no error in this connection. From an examination of the entire two bills of exception now under

consideration, we find that counsel for appellant is excepting to the manner of the examination of the witness Voelcker on the part of the district attorney, claiming that leading questions were asked, and various other objections urged by counsel for appellant. We do not believe that the trial court abused his discretion in permitting the examination of the witness Voelcker by the district attorney in the manner in which it was conducted, and, therefore, hold that no error was committed by the court in this respect.

The only other bill of exceptions presented by appellant complains of the introduction in evidence of the testimony of the officers making the arrest of appellant and his codefendant as to finding some of the property stolen out of the burglarized store, because they were not taken from the personal possession of the appellant, or found in his exclusive possession under circumstances which involved the conscious assertion of ownership. We cannot agree with appellant in this contention. Appellant and his codefendant were shown to have been acting together at the time the store in question was burglarized, and seem to have come into San Antonio together in a car, and were found sleeping together on the same cot, and, as the officer testified, some of the stolen property was found under the cot and some lying on the clothes of appellant and his codefendant upon the floor. The officer testifies that it would be impossible for him to say in whose possession the property was found, but relates the circumstances under which he did find it. We find in Branch's Crim. Law, Sec. 241, the following general statement of the proposition applicable to the contention urged by appellant here, as follows: "Even after the conspiracy is ended, as an exception to the general rule it may be shown that a coconspirator or a codefendant was found in possession of the fruits of the crime, or the weapon or instrument with which the crime was committed," and many cases cited to support such general statement, which we think it unnecessary to cite here. In many of those cases it will be found that the party then on trial was not present at the time the property was found, but was at another and different place, and still the testimony was admitted, but in the instant case the appellant and his codefendant were together, and the property was found at least under their joint care and possession, and the admission of such testimony presents no error.

Having found no reversible error in the record the judgment is affirmed.

*Affirmed.*