## C. R. TUBB, SR., v. THE STATE.

No. 11664.    Delivered April 11, 1928.

**Sale of Intoxicating Liquor—Companion Case.**

This case is identical in the facts proven, except the purchaser of the whiskey and the identical legal propositions presented in cause No. 11665,

this day decided, and the same disposition and determination of legal questions there presented, is made in this case.

Appeal from the District Court of Coleman County.  Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Baker & Baker* of Coleman, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for three years.

Appellant ran a grocery store and filling station business near the town of Coleman.  Appellant, his son, Alma Rose Brunson, and her mother lived in the back end of the store.  Alma Rose Brunson worked in the store and waited on customers.  The state's witness, D. P. Stacey, was at appellant's place of business at about 10 o'clock in the morning on April 4, 1927, for the purpose of endeavoring to sell appellant an automobile.  Said witness testified that on the occasion mentioned he bought a pint of whiskey from appellant.  He stated that appellant went into the store and brought the whiskey to him.

Appellant denied that he sold the witness Stacey any whiskey and asserted that he kept no whiskey in his place of business.  His testimony was supported by that of his son, who stated that he was present on the occasion testified to by the state's witness and that appellant at that time had no whiskey in his store and did not sell the witness any whiskey.

Appellant complains of the action of the court in overruling his first application for a continuance.  His motion for a new trial was based in part on the action of the court in overruling his said application for a continuance.  It is disclosed by the application that appellant used due and sufficient diligence to secure the presence of the witnesses Alma Rose Brunson, who had been duly served with process and as shown by the certificate of a physician, was unable on account of illness to attend court.  It was alleged in the application for a continuance that appellant expected to prove by the absent witness that at the time of the alleged sale of whiskey, she, the witness, was living at appellant's place of business and that she knew of her own knowledge that at the time of the alleged sale appellant had no

whiskey in his place of business and did not make a sale of whiskey to Stacey on the occasion in question. Attached to the motion for a new trial was the affidavit of the witness wherein she stated in substance that at the time of the alleged sale of whiskey by appellant she was living in his place of business, assisting him in waiting on his trade and was familiar with all of the articles kept in the store and in his apartments; that appellant kept no whiskey in said store or in his apartments; that she, the witness, knew the state's witness Stacey and remembered the occasion of the presence of said witness at appellant's place of business; that on the occasion in question if appellant had sold whiskey to Stacey she was in a position to have known it, as she was present, and that no such sale of whiskey was made during the time she was present.

The absent testimony was material and, in our opinion, viewed in the light of the entire record, is of such character that it might have produced a different result had a new trial been granted.

It is the rule that if diligence is shown and the absent testimony appear material and probably true and is of such character as that a different result might be produced thereby on another trial, that the new trial should have been granted. White et al. v. State, 236 S. W. 745, and authorities cited.

The judicial discretion rests with the trial judge in determining, in passing on the motion for a new trial, whether or not the absent testimony is probably true in view of all the evidence heard during the trial. However, if the absent witness makes affidavit that if present he would have sworn to the facts stated in the application for a continuance, and such affidavit be attached to the motion for a new trial, then the discretion of the trial judge to determine the probable truth of such testimony does not operate. White v: State, supra; Cruz v. State, 272 S. W. 486. It follows that the discretion of determining the probable truth of the absent testimony did not operate in the instant case.

Believing that the learned trial judge fell into error in refusing to grant appellant's first application for a continuance and in overruling his motion for a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.