Jack Blanks v. The State.

No. 12005.   Delivered November 28, 1928.
Rehearing denied January 9, 1929.

224

The opinion states the case.

*F. O. Fuller* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for two years.

Officers secured a search warrant and concealed themselves near a road which they expected appellant and his companions to travel. Appellant and his companions approached the point where the officers were concealed. One of the officers exhibited a flashlight and directed it at the car. Thereupon appellant threw a gallon jug of whiskey from the car. Without serving the search warrant, the officers arrested appellant and made a search of his car, which resulted in the finding of two gallon jugs of whiskey.

Appellant made a first application for a continuance in which he alleged that an absent witness would testify if present that another man placed the whiskey in appellant's car at a point several miles away from the place where appellant was arrested and that appellant had no knowledge that said whiskey had been placed in the car; that the whiskey did not belong to appellant; that the night was dark and that the officers could have been mistaken as to appellant being the party who threw the whiskey from the car. Appellant's motion for a new trial was in part based on the action of the court in overruling his application for a continuance. Appellant failed to attach to the motion the affidavit of the absent witness showing that he would have given the testimony alleged in the application. Without discussing the question as to whether appellant used due and proper diligence to secure the presence of the witness we make the observation that in view of the entire record the learned trial judge did not abuse his discretion in determining that the testimony of the absent witness was probably not true and that such testimony was not of the character as that a different result might be produced thereby on another trial. In the absence of the affidavit of the absent witness that he would have sworn to the facts stated in the application for a continuance the judicial discretion rests with the trial judge in determining, in passing on the motion for a new trial, whether or not the

absent testimony is probably true in view of all the evidence heard during the trial. Tubbs v. State, 5 S. W. (2d) 150. As indicated, we are of the opinion that no abuse of discretion on the part of the trial court in overruling the application and refusing to grant the motion for a new trial is made to appear. We may add that the testimony proposed to be given by the absent witness consists of conclusions and not facts.

Appellant moved to quash the jury panel on the ground that they had heard and tried cases against other parties charged with an offense of the same character. The court overruled the motion. The panel consisted of thirty-two men. The court stood aside twelve jurors who had tried one of the companion cases. Of the twenty jurors remaining twelve disqualified. The panel was duly completed by summoning talesmen. The bill of exception fails to show that any of the regular jury panel served on the jury trying appellant. It is manifest that said bill of exception, Number 1, fails to show that appellant was injured by the action of the court in over-ruling the motion to quash the panel. Evans v. State, 9 S. W. (2d) 360.

The sheriff was a material witness for the state. Appellant objected to the action of the court in directing the sheriff to summon talesmen. It does not appear that the sheriff was guilty of any improper conduct in summoning jurors. The fact alone that he was a material witness for the state did not disqualify him from performing the duties imposed upon him by the court. Coats v. State, 265 S. W. 891.

Appellant timely objected to the testimony of the officers touching the result of the search, the ground of objection being that it was not shown that the officers were armed with a legal search warrant. The state did not rely upon a search warrant to justify the search. The officers acted upon probable cause in making the search and the facts bring the case within the rule announced in Battle v. State, 290 S. W. 763, and subsequent decisions of this court. See Rochelle v. State, 294 S. W. 860.

The questions presented in appellant's brief have been discussed. Other questions, not briefed, have been carefully examined.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his motion for rehearing the appellant contends that the search of his automobile was without "probable cause" as that term is defined in Battle v. State, 290 S. W. Rep. 763.

Everett, a deputy sheriff, testified as follows:

"Mr. Patrick (the sheriff) and myself had got in some pine tops and was waiting for Jack Blanks to come along, and the car rolled up there and stopped. We got to the car and flashed our lights . . . He was driving the car and he went to get out and threw a jug of whisky off. . . . I had not reached the car at the time he threw the whisky out. It was a gallon glass jug of whisky. . . . I got the jug of whisky and brought it back to the car and Mr. Patrick arrested him. . . . After Mr. Patrick arrested him, then we search the car and there was two jugs of whisky found in the car. It was in gallon jugs."

The opinion is expressed that the evidence adduced, which is quoted above, was clearly sufficient to justify the search of the appellant's automobile without a search warrant. The facts in evidence are deemed to bring the case within the rule announced by the Supreme Court of the United States in the case of Carroll v. United States, 267 U. S. 132, 39 Amer. Law Rep. 791; and the Texas Case of Odenthal v. State, 290 S. W. Rep. 743; and the many decisions of other states collated in the 39th Amer. Law Rep. p. 816. See also Cornelius on Search & Seizure, note beginning at p. 188; and Blakemore on Prohibition, 3rd Ed., Sec. 984, and notes.

The motion for rehearing is overruled.

*Overruled.*