O. G. Hathcock v. The State.

No. 11870.   Delivered May 1, 1929.

*W. W. Hair* of Abilene, *De Witt Bomar* of Temple, and *Jas. B. Hubbard* of Belton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is manslaughter; the punishment confinement in the penitentiary for two years.

We are considering the third appeal of this case.   The first appeal is reported in 263 S. W. 587, and the second in 281 S. W. 859.   The former trials resulted in a conviction for murder.   On the present trial the court submitted charges covering murder, manslaughter, aggravated assault and self-defense.   We shall not attempt to detail the testimony, reference being made to the opinions delivered on former appeals.

The evidence on the part of appellant showed that in the beginning of the difficulty appellant acted in his necessary self-defense against an unlawful attack on the part of deceased.   The testimony of the state showed that in the course of the difficulty appellant used excessive force and inflicted wounds upon deceased from which he thereafter died.   Appellant's testimony was to the effect that he had

no intention to kill deceased. Appellant excepted to the failure of the court to instruct the jury in substance that if they believed from the evidence that deceased assaulted appellant in the beginning of the difficulty and that thereafter appellant assaulted and cut deceased with no intention of killing him and in such assault used more force than was necessary to repel the attack of deceased they would find appellant guilty of aggravated assault. It is contended that the court committed reversible error in refusing to so charge the jury. The court pointedly instructed the jury that if they had a reasonable doubt that appellant made the assault on deceased with intent to kill him he would only be guilty of an aggravated assault, unless the jury had a reasonable doubt that appellant acted in self-defense as defined in the charge, in which latter event they should acquit. The court properly defined appellant's right to defend against any unlawful violence on the part of deceased as well as the right to defend himself against an attack reasonably appearing to appellant to place him in danger of losing his life or sustaining serious bodily injury. We are constrained to hold that the court properly refused to amend the charge in the respect mentioned.

Complaint is made in many bills of exception of the action of the court in permitting state's witness McDonald to testify that deceased had guaranteed the payment of tuition fees due by pupils of the witness's singing school, and that deceased had paid him approximately $37.00 for those who had attended the school. It is appellant's contention that this testimony was hearsay, irrelevant and immaterial and calculated to place him in the attitude before the jury of being dishonest and of leading the jury to believe that he was unworthy of belief. If the testimony complained of was inadmissible, in view of the record the error would be harmless. Without objection the testimony of appellant given on a former trial touching this matter was introduced by the state. We quote such testimony as follows:

"A fellow by the name of Walter McDonald taught the singing school. Robert Garner solicited me to go to that singing school. He told me that there was going to be a singing school and wanted me to come up. It seems to me like they took the names down of the people who wanted to be scholars. I understood that we were to pay a dollar and fifty cents a scholar and I agreed to go to the singing school. Robert did ask me for the dollar and a half one day in Belton, on the first Monday and I would have paid him if I had known that he stood good for it. I did not know that he stood good

for it. He was a man that was good for his word and when he told me he had stood good for it, I knew that he had."

The foregoing testimony related in part to a conversation appellant had with deceased, Robert Garner, relative to the fact that Garner had guaranteed to pay the tuition due by the pupils of the school. On the present trial appellant testified that he attended the singing school and that his name was on the list of pupils. However, he denied that he owed deceased $1.50. As we understand the record substantially the same testimony given by the witness McDonald went to the jury without objection on the part of appellant. Hence if McDonald's testimony was erroneously received in evidence, the error is harmless. Lawler v. State, 9 S. W. (2d) 259. confinement in the penitentiary for four years.

Other questions are raised which we deem unnecessary to discuss. We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.