## Garrison Nelson v. The State.

No. 12768.   Delivered November 20, 1929.

The opinion states the case.

*Melvion R. Luter* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of ten years.

Twenty-six automobile tires belonging to R. D. Nichols were stolen from his place of business.   While under arrest the appellant made statements to the witness Grasshoff, a peace officer, admitting that he and other persons had stolen a number of tires and taken them to a certain house which he designated.   The officer communicated with Nichols and the two, in company with the appellant, went to the place designated and recovered part of the property.

The motion for new trial is based upon the contention that the verbal confession of the appellant while under arrest was improp-

erly received in evidence for the reason that the appellant's co-principals in the commission of the offense had revealed to another officer the location of the property before the appellant communicated that information to the witness Grasshoff. The testimony of Grasshoff having come before the jury without objection, the complaint of its reception after verdict would not warrant its review. Moreover, it may be said that the information that another officer was present when the appellant's statement was made and that his co-defendants were talked to while all of them were in custody and in jail was revealed by the testimony of Grasshoff. From the statement of facts, which is not contradicted by the motion for new trial, it appears that the appellant and his companions in the commission of the offense were all arrested and all taken to jail; that they were all interrogated while in jail and all made statements while there to officers Grasshoff and Dominguez. Each of the culprits having, in company with each other, disclosed his connection with the crime and the locality of the property having been pointed out to the officers by the appellant, his confession was available to the State as evidence against him. See Garcia v. State, 228 S. W. 938, 88 Tex. Cr. R. 605.

The contention that there should be a reversal upon the ground that the penalty assessed is excessive is not deemed tenable. Most of the decisions of this court upon which the appellant relies in support of his contentions are cases in which the reversal took place because of some error in the conduct of the trial which was believed by the court to have injured the accused. In reaching the conclusion that there was injury note was taken of the fact that the act of the accused in the particular case was one which would not ordinarily impel a jury to assess an extreme penalty. See Chambless v. State, 46 Tex. Cr. R. 1; Robinson v. State, 7 S. W. 531. There is not intent to assert that there might not be circumstances which would impel this court to order a reversal for the reason that the verdict was excessive and totally out of proportion to the injury done. See Robinson v. State, 25 Tex. Cr. App. 111; Anglen v. State, 36 Tex. Cr. R. 472; Davis v. State, 4 Tex. Cr. App. 456; Handy v. State, 46 Tex. Cr. R. 406; Jobe v. State, 76 Tex. Cr. R. 216; Sharp v. State, 81 Tex. Cr. R. 256; Calhoun v. State, 214 S. W. 335. However, instances in which the facts have warranted the exercise of such authority are of extreme rarity. In the present case no mitigating facts appear. From the record it is made clear that the appellant committed the offenses of burglary and theft; that

his guilt was proved beyond controversy; that the penalty assessed was authorized by the statute, assessed by the jury and approved by the trial court. No basis is perceived for extraordinary action by this court in behalf of the accused.

The judgment is affirmed.

*Affirmed.*