## J. M. WILLIAMS v. THE STATE.

### No. 6168.   Decided May 11, 1921.

**1.—Robbery—Remarks by Judge—Practice in District Court.**

The practice of lecturing the jury is always fraught with the danger that either the language, or the motive of the court may be misconstrued. However, in the instant case the same was not reversible error. Following Hammett v. State, 84 Texas Crim. Rep., 638, and other cases.

**2.—Same—Evidence—Declarations by Defendant—Fruits of Crime—Arrest.**

Upon trial of robbery there was no error in admitting the statement by defendant, while under arrest, concerning a pistol which the State claimed was used in perpetrating the robbery and that this led to the finding of said pistol. Following Garcia v. State, 83 Texas Crim. Rep., 605.

**3.—Same—Evidence—Inculpatory and Exculpatory Statements—Part of Conversation—Bill of Exceptions.**

Where, upon trial of robbery, the court refused to permit the defendant, on cross-examination of the officer who arrested him and by whom the State proved certain inculpatory statements, that in connection therewith the defendant made other statements which he desired to introduce as exculpatory, the same was error, as it was part of the declaration and conversation in evidence; however, the bill of exceptions not stating what declarations were excluded, there was no reversible error.

**4.—Same—Evidence—Exhibition of Stolen Property—Same Transaction.**

Upon, trial of robbery, there was no error in exhibiting to the jury a pocketbook which belonged to the injured party, a pistol which was found upon the scene of the robbery, and certain playing cards that were also found there, all relating to the transaction.

**5.—Same—Evidence—Declarations of Defendant—Exculpatory Statements.**

Where, upon trial of robbery, the fact that the pistol and the cards were found was proved by the State, as was also defendant's declaration to the officer who arrested him that he had thrown away his pistol, the defendant should have been permitted to testify to other declarations which he claims to have made to the officer at the same time that he made the declarations about throwing away the pistol, and which were of an exculpatory nature. Following Greene v. State, 17 Texas Crim. App., 405, and other cases overruling Shirvers v. State, 7 Texas Crim. App. 450.

**6.—Same—Rule Stated—Declarations by Defendant—Res Gestae.**

The operation of the statute is not restricted to declarations that are part of the *res gestae*, and would not, in the instant case be confined simply to declarations concerning the possession of the pistol, but would embrace explanatory acts and declarations, such as the defendant sought to introduce.

**7.—Same—Rule Stated—Explanatory Declarations—Evidence—Inculpatory Statement.**

The court cannot agree to the State's assumption that the right of defendant, under the statute, to introduce other declarations explanatory of those proved by the State, did not accrue for the reason that those in evidence were exculpatory, as the evidence was used to incriminate the defendant. Following Dover v. State, 81 Texas Crim. Rep., 553, and other cases.

8.—Same—Bill of Exceptions—Practice in District Court.

· The criticism of the bill of exceptions—that the relevancy and the materiality of the proffered testimony is not thereby disclosed is untenable, when the bill is properly viewed in the light of the record, and shows a substantial compliance with the law. Following Plummer v. State, 86 Texas Crim. Rep., 493, and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Heyser, Hicks, Wilson & Williams, Bishop & Lantz,* and *E. H. Gibson,* for appellant.—Cited cases in opinion.

*Jess M. Brown,* District Attorney, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for robbery; punishment fixed at confinement in the penitentiary for seven years.

Blackwell, the alleged injured party, gave direct testimony to the fact that the appellant and one Patterson committed the robbery, each presenting a pistol.

After the jury was empaneled, and before otherwise proceeding with the trial, the trial judge instructed the jury that they should pay close attention to the testimony, thereby avoid controversy among themselves touching the statements of the witnesses and that by thus proceeding, a verdict might be reached more speedily and more satisfactorily. Appellant made objection to this statement, whereupon the court instructed the jury that the statement should not be considered as evidence or tending in any manner to show the guilt or innocence of the accused. The practice of lecturing the jury is always fraught with the danger that either the language or the motive of the court may be misconstrued. It does not in all cases necessarily result in a reversal. Such result ensues when the remarks are calculated to prejudice the rights of the accused. Wilson v. State, 28 Texas Crim. App., 200; Dow v. State, 31 Texas Crim. Rep., 278. In the instant case, it is, in our judgment, not of this class. Hammett v. State, 84 Texas Crim. Rep., 638.

Bill No. 5 refers to a statement made by the appellant, while under arrest, concerning a pistol which the State claimed was used in perpetrating the robbery. It is stated in the bill *"that the information elicited from the appellant led to the finding of the pistol."* We fail to discern anything in the bill which would render this testimony inadmissible. It would seem to be within the purview of Article 810, Code of Crim. Procedure, in which statements made by the accused while under arrest, which are not in writing, are excluded *unless in*

*connection therewith he made statements of facts or circumstances that are found to be true, which conduct to establish his guilt, such as finding the instrument with which the offense was committed.* See Garcia v. State, 88 Texas Crim. Rep., 605, 228 S. W. Rep., 938. The court withdrew the testimony complained of.

In Bill No. 6 complaint is made of the refusal of the court to permit the appellant, upon cross-examination of the officer who arrested him and by whom the State proved certain inculpatory statements were made, that in connection therewith the appellant made other statements of facts which he desired to introduce as exculpatory. As we understand the bill, this testimony was admissible under Article 811, Code of Crim. Procedure, in which it is declared that when part of an act, declaration or conversation is given in evidence by one party, the whole on the subject may be introduced by the other, and where an act or declaration, which is necessary to make fully understood or to explain the same, may also be given by the opposing party. We do not think that the construction of the statute would be correct which would permit the State to prove that the appellant made declarations which led to the finding of the pistol with which the offense was committed, and exclude other declarations made in the same connection which would tend to be exculpatory. The bill, however, as prepared, does not enlighten us as to what declarations were excluded. We would, therefore, be unable to appraise the weight of the ruling complained of.

The exhibition to the jury of a pocket-book which belonged to the injured party, a pistol which was found upon the scene of the robbery, and certain playing cards that were also found there, was not erroneous, but in connection with the testimony showing their relation to the transactions, they were circumstances available to the State on the issues involved.

Appellant's theory, as developed from his testimony, was in substance, that while in a game of cards with the Blackwell brothers and while two other persons were present, the Blackwells were the losers; that incensed at the loss they threatened to cause the arrest of the appellant and his companion Patterson; that believing he was to be arrested for gambling he fled and threw away his pistol and the cards with which they had been playing. The fact that the pistol and the cards were found was proved by the State, as was also the declaration of the appellant to the officer who arrested him that he had thrown away his pistol. Appellant offered to testify to other declarations which he claimed to have made to the officer at the same time that he made the declarations about throwing away the pistol. From the bill we take the following quotation:

" 'Now, tell the jury what you said with reference to those two fellows that was there watching the game.' Said statement having been made immediately after the arrest of the defendants, and at the time the officer Averitt inquired as to the statement with reference to the

pistol, the objection of the Assistant District Attorney being that said statement would be a statement made after the commission of the offense, after the defendant was under arrest and would be a self-serving declaration. Said witness would have stated, if permitted, that he told the officer immediately after he was arrested that at the time he was first put under arrest that he did not get the money from the witness Blackwell, but that he won the same in a gambling game, and that there were two other persons present and that they had run away, and that if the officer would pursue them and bring them back from the cut on the railroad where they were hiding they would straighten the whole matter up, and exonerate both of the defendants from the charge of robbery, and that he, the said Williams, told the officers where those parties were, and that he requested the officers to go get them."

The court, in our judgment, was not warranted in excluding this testimony.

The statement of facts shows that the officer who arrested the appellant gave testimony to the fact that he chased him quite a distance before he succeeded in arresting him; that he searched him and found no pistol; but that appellant declared he had thrown his pistol away and described the pistol. The State, by other testimony, showed that the pistol was found, also the cards.

We quote our statute: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all other letters on the same subject between the same parties may be given. And when a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence." C. C. P., Art. 811.

The construction of this statute which would support the ruling of the court is, in our judgment, at variance with the interpretation of it heretofore made. In the Greene case, 17 Texas Crim. App., 405, the court, after quoting the statute, says:

"This article expands the common law rule with reference to such evidence. At common law, when a confession or admission is introduced in evidence against a party, such party is entitled to prove the whole of what he said on the subject *at the time of making such confession or admission*. (1 Greenl. Ev., Sec. 201-218; Whart. Crim Ev., Sec. 688). But the above quoted article does not restrict the explanatory act, declaration, conversation or writing to the *time* when the act, declaration, conversation or writing sought to be explained occurred, but extends the rule so as to render such acts or statements admissible, if necessary to a full understanding of, or to explain the acts or statements introduced in evidence by the adverse party, although the same may have transpired at a different time, and at a time so remote even as to not be admissible as *res gestae*.

89 Tex.—22

This article of the Code has not heretofore been considered and construed with direct reference to the question we are now discussing. In the case of *Shrivers v. The State,* 7 Texas Crim. App., 450, the question was presented and discussed, but without reference to this article of the Code. In that case the statements made by the defendant, explanatory of the statements proved against him by the State, were held admissible as *res gestae,* and the court said: "To render such after-declarations or statements admissible as explanations, it must appear that they were made recently after the former, and it must also be obvious from the circumstances that they are not obnoxious to, but ccme within the exceptions to, the general rule that a party cannot make evidence for himself either by his acts or his declarations.' The rule thus stated would be correct when applied to declarations of the defendant offered in his own behalf as original evidence, and not in explanation of statements or confessions proved against him by the prosecution. (*Davis v. The State,* 3 Texas Ct. App., 91, and authorities there cited).

But, in a case like this, where the statements offered are offered only in explanation of defendant's statements introduced in evidence against him by the State, we can find no warrant in the statute for thus limiting their admissibility. In so far as the language used in the opinion in Shrivers's case conflicts with the construction we now give to the article quoted, the same is overruled. We are of the opinion that under this article the statement of the defendant made before the inquest, if it be necessary to make his confession fully understood, or to explain the same, was admissible.

This interpretation of the statute has not been questioned so far as we are aware, but on the contrary, has received frequent and express sanction. Pratt v. State, 53 Texas Crim. Rep., 285; Smith v. State, 46 Texas Crim. Rep., 283; Harrison v. State, 20 Texas Crim. App., 399; Rainey v. State, 20 Texas Crim. App., 470; Gaither v. State, 21 Texas Crim. App., 540; Rogers v. State, 26 Texas Crim. App., 431; Spearman v. State, 34 Texas Crim. Rep., 281; Potts v. State, 56 Texas Crim. Rep., 47.

The citation of the authorities illustrating the rule that the operation of the statute is not restricted to declarations that are part of the *res gestae,* and would not, in the instant case, be confined simply to declarations concerning the possession of the pistol but would embrace explanatory acts and declarations such as the appellant sought to introduce, as disclosed by the bill of exceptions. He was by his acts, proved by the State, put upon explanation of the possession of his pistol, his flight, his throwing the pistol away, the presence of the cards, his association with the injured parties, and declarations made by him at the times set out in the bill of exceptions were such as he was entitled to have before the jury. Branch's Ann. Texas Penal Code, Sec. 92.

The State assumes the position that the right of appellant under the statute to introduce other declarations explanatory of those proved by the State did not accrue for the reason that those in evidence were exculpatory. With this view we are unable to concur either as to the facts or the law. The exculpatory character of the proof of flight and possession and disposal of the pistol is not apparent, but if this were questionable it was used to incriminate him, and his right to introduce legitimate evidence explanatory of it could not be nullified by the claim of the State that the part of the transaction and conversation introduced by it was exculpatory. Bailey v. State, 40 Texas Crim. Rep., 150; Dover v. State, 81 Texas Crim. Rep., 553, and authorities there cited.

The criticism of the bill of exceptions that the relevancy and the materiality of the proffered testimony is not thereby disclosed, we think, is not tenable. It is required that the relevancy and the materiality must appear, but it is not demanded that, in every instance, the bill must so state in terms. Stanton v. State, 42 Texas Crim Rep., 271; Farrar v. State, 29 Texas Crim. App., 253. From the bill before us, it is made plain that the officer, who arrested appellant, testified for the State that appellant had made inculpatory declarations; and it also appears from the bill that appellant sought to make proof that the same declarations were accompanied by others made by the appellant at the time, which were explanatory and tended to obviate the injurious effect of those proved by the State. Viewing the bill in the light of the parts of the record which this court is bound to examine, it becomes clear that the evidence excluded was both relevant and material. This, thus appearing, to disregard the bill would place an arbitrarily restrictive construction upon the law concerning bills of exceptions above a reasonable and substantial compliance therewith. Rules of procedure are made to facilitate, not to obstruct the administration of justice, and it has been the practice of the courts of this State, in deciding questions as to the sufficiency of bills of exceptions, to bear in mind and apply this principle. Railway v. Pemberton, 106 Texas Reports, 468; Farrar v. State, supra; Jenkins v. State, 34 Texas Crim. Rep., 202; Stanton v. State, supra; Robinson v. State, 70 Texas Crim. Rep., 81, 156 S. W. Rep., 212; Plummer v. State, 86 Texas Crim. Rep., 493. In rejecting the testimony referred to in the bill, the court, in our opinion, fell into substantial error calculated to prejudice the appellant's case.

A reversal of the judgment is ordered.

*Reversed and remanded.*