### SIM HENRY v. THE STATE.

No. 10627.   Delivered February 23, 1927.

**1.—Murder—Evidence—All of Conversation—Improperly Excluded.**

Where, on a trial for murder, the state on cross-examination of a witness introduced by appellant disclosed a part of a conversation between appellant and said witness, which occurred thirty or forty minutes after the homicide, it was error to refuse to permit appellant on re-direct examination to prove all of the conversation, that part excluded being that appellant shot the deceased as he was advancing upon him with an axe. See Art. 728, C. C. P. 1925.

**2.—Same—Bill of Exceptions—To Court's Qualification—Rule Stated.**

Where the trial court qualifies a bill of exception, presented by the appellant, and the appellant excepts to such qualification, the bill so excepted to will be considered without reference to such qualifications.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Williford & Geppert* of Fairfield, for appellant. On admissibility of all of a conversation appellant cites: Davis v. State, 197 S. W. 871; Mahaney v. State, 254 S. W. 946; Love v. State, 281 S. W. 1050; Holder v. State, 258 S. W. 1070; Pratt v. State, 109 S. W. 138; Gaither v. State, 1 S. W. 456; Stockton v. State, 6 S. W. 298; Davis v. State, 3 Tex. Crim. App. 91.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of murder and his punishment assessed at five years in the penitentiary.

A brief statement of the facts is necessary for a proper discussion of the questions raised in the record. On the afternoon of the 17th day of January, 1926, between three and four o'clock, the deceased, Mack Crowder, was chopping wood some little distance north of his house. The appellant came to where the deceased was at work, and a conversation took place between the two men. The deceased's wife, Pearl Crowder, who, from the record, is the only eye-witness to the killing, testified that when she arrived at the scene of the killing, and before the killing took place, the appellant was sitting down and the deceased was standing up with one foot upon a stump and his elbow resting on his knee; that they were not talking when she walked up; that appellant did not say anything until she spoke to him and told him the best thing he could do was to go back home. She further testified that appellant sprang to his feet and said, "Yes, I will go because I am tired of the sons-of-bitches lying on me"; that appellant then threw the gun down in her face, but she did not run; that when the appellant threw the gun in her face, the deceased whirled to run, and, in whirling, dropped his axe; that deceased stepped off two or three steps and turned around, and, as he turned, appellant fired on him; that deceased

did not say a word at the time and neither did the appellant . say anything immediately preceding the shooting.

The appellant defended on the ground of self-defense. Appellant testified that he was on his way down to his mother's to see her about helping his wife on the next Monday; that when he got near the deceased's place he saw the deceased cutting wood about fifty steps from the trail he was traveling. Appellant said he went out to where the deceased was chopping the wood because he and the deceased were very friendly; that when he walked up he and the deceased spoke to each other in a friendly manner, but in a few minutes the deceased accused the appellant of carrying news from colored girls to white men and also accused appellant of carrying word between white boys and negro girls. Appellant testified that while this conversation was going on deceased's wife walked up. Deceased then informed the appellant that his information came to him from his (deceased's) wife. Appellant then branded the accusation as a lie, and the deceased started at the appellant with an axe, saying, "Dont call my wife a liar." Appellant further testified as follows: "When he started at me with an axe, he was about four or five steps away from me. I told him to stop, and I backed back and jumped up and backed back. When he did not stop, I shot. I would not have shot if it had not been necessary in order to protect myself. I did not want to shoot him; I had no desire to shoot him; I shot him just one time; * * * I shot just once, and he had the axe raised and was coming toward me. The axe fell when I shot him and right where I shot him."

Bills of exception Nos. 1, 2, 3, 5, 6 and 7, as presented, show no error.

Bill of exception No. 4 complains of the action of the trial court in permitting the state, on cross-examination of appellant's witness, Watt Henry, to show that appellant, in thirty or forty minutes after the shooting, came by a neighbor's house, where the witness, Watt Henry, was, and told the said witness, Watt Henry, that the appellant had shot the deceased, Mack Crowder. Appellant's counsel, on re-direct examination, asked the witness if appellant at the same time and in the same conversation told him why he had shot the deceased. The state objected on the ground this testimony was not res gestae and if answered would be a self-serving declaration, and the court sustained the state's objection. The bill further shows that appellant asked the same question again, basing his right to have the question answered on the ground that the state having brought out a part of the conversation, the appellant had the

right to bring out the balance of the conversation that took place between the same parties, at the same time, about the same matter, and the state objected to the witness answering the question and the court sustained the objection. The bill further shows that if the witness had been permitted to answer the question he would have testified that the appellant told him he shot the deceased because the deceased was coming on to him with an axe. This was the first time the matter had been mentioned by the appellant and was estimated by the witness, Watt Henry, to have been thirty or forty minutes after the shooting. The failure of the learned trial judge in not permitting the appellant to prove the whole of the statement made by him to the said witness, Watt Henry, after the state had inquired into the statement and introduced a part of the same, was error.

Art. 728 of the Code of Criminal Procedure, Acts of 1925, provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

It has been repeatedly held by this court in construing the above article that when a part of an act, declaration or conversation is given in evidence by one party, the whole of said declaration or conversation on the same subject may be inquired into by the other party. The fact that the sole and only defense offered by appellant was that he killed the deceased while the deceased was making an assault upon him with an axe makes it very material that the appellant should have been permitted, on re-direct examination, to show the whole of the conversation that took place between the said witness, Watt Henry, and the appellant, to-wit, that the reason he killed deceased was because deceased was coming on to him with an axe. We do not think the court's qualification of this bill in any way sustains his action, but, on the contrary, said qualification magnifies the error committed.

We further note the record discloses a separate bill of exception, to-wit, bill of exception No. 4-a, in which the appellant excepted to the court qualifying this bill without his consent and over his objection. Appellant having so excepted to the

court's qualification, this bill is considered without reference to the learned trial judge's qualifications.

For the error pointed out above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.