## FLOTIE KING V. STATE

No. 28,030. March 7, 1956.

*Billy Hunt* and *Robert Fairchild*, Center, for appellant.

*Fred Hudson, Jr.*, District Attorney, Center, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder; the punishment, five years in the penitentiary. Upon a former appeal, this case was reversed. 160 Tex. Cr. R. 556, 273 S. W. 2d 72.

In the development of its case in chief, at the instant trial, the state relied upon the written confession of appellant in which he admitted shooting the deceased with a gun.

Upon the former trial of this case the appellant testified as a witness. In the course of such testimony he admitted the killing but explained that it was in self-defense.

The appellant did not testify at the instant trial.

Bill of exception #1 reflects that the state called the sheriff as a witness and developed from him certain incriminatory parts of the appellant's testimony on the former trial, including the fact that appellant admitted killing the deceased. When the sheriff was passed to the appellant for cross-examination, the following question was propounded:

" 'Flotie's (the appellant's) testimony showed there hadn't been a bit of trouble that night prior to the time Willie B. (the deceased) stabbed his (the appellant's) sister, didn't it?" (Par entheses, supplied.)

The state objected to the asking of such question on the grounds that it was beyond the scope of the sheriff's testimony on direct examination and would be self-serving. The court sustained the state's objection, as follows:

" 'The ruling will be, you can cross-examine him on the matters brought out by the state as to the defendant's testimony. Any further testimony will be restricted to that.' "

The court qualified this bill of exception with the following certificate:

"Defendant and his counsel were advised by the Court at the time that they could cross-examine Sheriff Christian on any matter brought out on direct examination by the State—any matter so brought out on direct examination by the State of the witness could be gone into by the defendant; on cross examination."

We now direct our attention to a determination of the correctness of the court's ruling.

As a witness for the state, the sheriff stated that on the former trial the appellant had testified, among other things, that before he shot him he told the deceased he was going to kill him.

Upon cross-examination, counsel for appellant sought to

prove by the sheriff that at the time and in the course of his testimony he heard the appellant also testify to affirmative defensive matters explanatory of the shooting and showing that it was in his own defense.

The state's objection to such testimony was sustained, and counsel was instructed to limit his cross-examination to those matters developed by the state. Such ruling was clearly too restrictive. Inasmuch as the state had chosen to prove part of the appellant's testimony on the former trial as to what transpired at the time of the shooting, the remainder of his testimony explanatory thereof and relating to the incidents leading up to the homicide became admissible, under Art. 728, C. C. P., and the holdings of this court in Sanderson v. State, 109 Tex. Cr. R. 142, 3 S. W. 2d 453; Pratt v. State, 53 Tex. Cr. R. 281, 109 S. W. 138; Henry v. State, 106 Tex. Cr. R. 198, 291 S. W. 542; Trammell v. State, 145 Tex. Cr. R. 224, 167 S. W. 2d 171.

For the error pointed out, the judgment is reversed and the cause is remanded.