Elton E. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43454.

Court of Criminal Appeals of Texas.

March 3, 1971.

Rehearing Denied April 14, 1971.

James L. Branton, San Antonio, for appellant.

Ted Butler, Dist. Atty., Earl C. Hill and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault, with punishment enhanced under Art. 62, Vernon's Ann.P.C. Trial was before a jury and the court assessed the mandatory sentence of life imprisonment.

James Clyde Holman was the first of three witnesses called by the State. Holman, a bus driver for the San Antonio Transit Company, testified that on the evening of November 15, 1968, he was robbed at gunpoint by a Negro male. Two other Negro males with him stood a few feet away. The robber took $41 in cash from Holman's person and then attempted to break into the changer, but was scared off by a passer-by. Holman, however, could not make positive identification of the robber.

The State's second witness was Earlene Thomas. She was acquainted with the appellant, whom she knew by the nickname of "Stinky." On the evening in question, she had a conversation with the appellant. She testified that he told her that "he was going to rob him a bus and get him some money," and that he returned 45 minutes later at about 7 o'clock. She further testified that at this time he appeared to be under the influence of heroin, and was accompanied by Larry Drummer. The appellant at this time had in his possession a pistol and a large number of one dollar bills. The appellant told the witness that they had just robbed a bus, and stated, "The bus driver, we started to shoot him but the bus driver acted so scared." On cross-examination, she testified that she and the appellant were close friends, went many places together, and saw each other almost every day. She further testified that before he did things, he would usually tell her.

The State's last witness was Larry Drummer. Drummer was also acquainted with the appellant, whom he knew by the nickname of "Stink." On the evening in question, at approximately 6:30 or 6:45, the appellant asked him if he wanted to rob a bus. The appellant was, at this time, carrying a gun. When the bus came, the two of them went over to it, "and then he put the gun on the man and asked him for his money." The bus driver gave his money to the appellant. A third boy, who had been with them, had run off. After the robbery, they left in different directions and met at the housing project where they both lived. They then went to a house, where Drummer stayed outside while the appellant went in. Later that night Earlene Thomas told Drummer's mother about the robbery. Drummer, a 16-year-old juvenile, was given immunity in order to testify in the case.

Appellant's first ground of error is the refusal of the court to submit to the jury the question of fact as to whether Earlene Thomas was an accomplice. Essentially, the appellant contends that because the appellant told Thomas of his plan to rob the bus, because they were good friends, and because the two friends conversed with each other after the robbery, there is a fact question as to whether Thomas was an accomplice.

Under Article 38.14 of the Code of Criminal Procedure, Vernon's Ann. an accomplice whose testimony must be corroborated is any person who, either as a principal, accomplice, or accessory, was connected with the crime by an unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the

offense, and whether or not he was present and participated in the crime. Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W.2d 473. See cases cited under Art. 38.14, Note 2, Code of Criminal Procedure. Conversely, if there is not enough evidence to support a charge against a witness as either principal, accomplice, or accessory, he is not an accomplice witness as a matter of law. Devault v. State, Tex.Cr.App., 449 S.W.2d 235; Vela v. State, Tex.Cr.App., 373 S.W.2d 505; Vol. 1, V.A.P.C., page XIII.

Clearly, Thomas was not a principal to the crime.

Likewise, there is no evidence that she was an accomplice. The evidence showed merely that she was a friend of the appellant and that she knew the appellant intended to commit the crime. "The mere fact that a person knows that a crime is being committed or is about to be committed and conceals or fails to disclose that fact, tacitly acquiesces in its commission, or uses words that amount to a permission to commit it does not make him an accomplice." 16 Tex.Jur.2d 191, Sec. 70. See: Article 70, Penal Code.

■ Article 77 of the Penal Code defines an accessory as "one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence." An accessory must give some aid and assistance to the principal helping him to elude punishment. Harrison v. State, 69 Tex.Cr.R. 291, 153 S.W. 139; Littles v. State, 111 Tex.Cr.R. 500, 14 S.W.2d 853; 16 Tex.Jur.2d 197, Sec. 78. In this case, the record reflects that Earlene Thomas was the one who reported the appellant to the police. There is no evidence that she ever helped him to conceal himself or elude punishment. It could hardly be said that she could be charged as an accessory.

Since Thomas could not be prosecuted either as a principal, accomplice, or accessory, no error is shown.

Appellant's first ground of error is overruled.

Appellant's second ground of error complains that the appellant did not receive a speedy trial. The record reflects that the appellant was arrested on November 22, 1968. On December 26, 1968, he wrote a letter to the district court requesting appointment of counsel and a hearing at the earliest time possible. On January 3, 1969, the same court appointed the Honorable Norman L. Nevins of San Antonio as the appellant's attorney. On February 12, 1969, the indictment was returned by the grand jury. On April 16, 1969, Nevins notified the court that he was moving from San Antonio to Lubbock and could no longer represent the appellant. Because of this, the cause which had been set for trial on April 14, was passed, and on May 7, the Honorable James L. Branton was appointed to represent the appellant. On June 13, Branton filed, on the appellant's behalf, a request for a speedy trial with the trial court. On July 22, the appellant filed his motion to quash the indictment for lack of a speedy trial, and on that day, the case came up for trial.

■ In Ex parte Jones, 449 S.W.2d 59, this Court held that a motion to set aside an indictment for lack of speedy trial is proper under Art. 27.03, of the Code of Criminal Procedure, and the motion to dismiss is within the sound discretion of the trial court. Since this is an interlocutory order, it is not reviewable by this Court but is only reviewable on appeal after conviction. Ex parte Jones, supra. The Supreme Court of Texas will not issue a writ of mandamus compelling dismissal of a cause for lack of speedy trial. Pope v. Ferguson, Tex., 445 S.W.2d 950. The Supreme Court, however, will issue a writ of mandamus directing that a speedy trial be given. Wilson v. Bowman, Tex., 381 S.W. 2d 320.

■ In this case the motion to set aside the indictment was properly made before the trial court, and the request for a speedy

trial had been made before the trial court. However, under the circumstances of this case there was no abuse of discretion shown by the trial court.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error complains of certain portions of Thomas' testimony.

On cross-examination, Thomas testified that the appellant always checked with her before he did anything. The court first ruled that this opened the door for the prosecution to ask her about occasions when the appellant told her that he was going to do something wrong before he did it. In response to the prosecution's question on re-direct examination, she stated:

"A He told me when he was going to first start robbing buses; that was not the first bus he robbed.

"Q I see. How many buses did he rob that he told you he was going to rob?"

The court then sustained defense counsel's objection to the State's questioning the witness about extraneous offenses. The court, however, overruled appellant's motion for mistrial.

Article 38.24 of the Code of Criminal Procedure provides, in part, as follows: "When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

On cross-examination, the appellant repeatedly asked Thomas if the appellant always checked with her before he did anything. She always replied, "Yes," and after being asked this same question several times, she answered, "He always comes to me; he came to me and told me he was going to rob a bus." The fact that the appellant checked with the witness before he did

anything was placed in the record by the appellant.

In Williams v. State, Tex.Cr.App., 427 S.W.2d 868, the State's witness was permitted to testify to two other indictments for the same offense (rape), after the defense had introduced an exhibit, a case card containing notations about the appellant. The testimony related to evidence placed in the record by the appellant and Judge Onion, speaking for the court, stated: "We perceive no error as to such interrogation."

In Mabou v. State, Tex.Cr.App., 429 S.W. 2d 891, the defense counsel questioned a State's witness regarding a police report. Although defense objection to the State's attempt to admit the report into evidence was sustained, this Court stated, "in view of the action of appellant's counsel in reading certain portions of the police report to the witness in the presence of the jury, the court would not have erred in permitting the state to offer in evidence other portions of the report on the same subject." The trial court's denial of appellant's motion for mistrial was held to be proper.

■ Thus, when material facts are introduced, the other side has the right to explain those facts. Crowell v. State, 147 Tex.Cr.R. 299, 180 S.W.2d 343. This includes incidents leading up to the commission of the crime. King v. State, 162 Tex. Cr.R. 515, 287 S.W.2d 642. In this case, appellant's counsel "opened the door" and permitted the State to explain the Thomas testimony that the appellant always checked with her before he did anything.

■ The rest of the evidence in question is the Thomas testimony that the appellant was high on heroin when she saw him later that evening.

The State first asked her merely to describe the condition of the appellant that evening, and she replied, "Well, he was loaded from the first 'gigo'." This led to a progression of questions and answers in which she described the appellant as "loaded" and "high," and used the terms "fix"

and "capsules," "they put them in a needle and shoot them in your arm," and finally "heroin." Although it took a while to elicit the answer, the effect of this line of questioning was that the State asked the witness to describe appellant's physical condition and she answered that he was under the influence of heroin.

Essentially, that is a summary of Thomas' testimony.

The physical condition of the appellant at that time is material, and asking the witness to describe it is not error. The fact that the answer indicated the appellant was under the influence of an illegal drug in no way changes the materiality, or the essence of the question asked, or the answer given.

Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.