Robert Eugene POINTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43770.

Court of Criminal Appeals of Texas.

May 26, 1971.

Flintoft, Heacock & Ross by Fred M. Heacock, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Trial was before a jury and the court assessed the punishment at life.

The record reflects that on July 25, 1968, between 1 and 2 o'clock p. m., the appellant entered the premises of the Domestic Finance Company in Houston and pointed a pistol at several employees in the office, saying, "I want all your money." He took about $347. The employees present were Herman Hustedt (the manager), Mike Harper, Joe Brinson, Jan Manahan, and Mrs. Mickey Whitlock. He then made them go into the back of the office, threatening to shoot them if they came out. The appellant ran to a pick-up truck and left with a woman. Hustedt, Brinson, Harper and some police officers chased the appellant and apprehended him some 10 or 15 minutes later.

The appellant, in his brief, complains of the admission into evidence of certain testimony by several witnesses. No formal grounds of error are set forth. Art. 40.09 of the Vernon's Ann. Code of Criminal Procedure provides that the brief "shall set forth separately each ground of error of which the defendant desires to complain on appeal." Although it is doubtful whether the appellant's brief meets this requirement, in the interest of justice, we shall consider his complaints on their merit.

Several witnesses testified that the appellant was either a narcotics addict or under the influence of narcotics. The appellant alleges that these witnesses were not competent to testify because a proper predicate was not laid to qualify them as experts.

Officer J. L. Parker of the Houston Police Department testified in part, as follows:

"Q (By Mr. Price) Okay. What time did you see him?

"A Oh, the first time, I guess it was around 2:30, 2:45, approximately.

"Q Was there anything unusual about his physical appearance, his eyes, his speech, his manner of control, how he handled himself?

"A He gave the appearance of a narcotics addict.

"Q  Have you seen people under the influence of narcotics in your lifetime?

"A  Yes.

"Q  Based upon your past experience and what you observed about Robert Pointer, was it your opinion he was under the influence of narcotics?

"A  Yes."

Officer Parker thus testified that the appellant "gave the appearance of a narcotics addict" and appeared to be under the influence of narcotics. No objections were made to this testimony and nothing is presented for this Court to review.

The appellant refers to testimony by Officer Lester Tabor of the Houston Police Department, in which Tabor described the appellant at the time of his arrest. Tabor testified that the appellant's eyes were "glassy or glassed," that his speech was "rather slow and thick," and that he moved about clumsily. He also testified that, based upon his past experience in dealing with people under the influence of narcotics and upon his observations of the appellant, he formed the opinion that the appellant was under the influence of narcotics.

No objections were made to his testimony that the appellant was under the influence of narcotics. Therefore, that question is not before this Court to review.

Tabor's testimony as to the physical condition of the appellant was clearly admissible. Williams v. State, Tex.Cr.App., 464 S.W.2d 842.

The appellant also refers to the following testimony of Hustedt:

"Q  What—was there anything unusual about him, his eyes, the movements that you noticed about him at the time you were robbed?

"A  Mr. Pointer did appear to be under the influence of narcotics.

"MR. JEFFERSON:  We object to that.

"THE COURT:  Yes, I'll sustain that."

Hustedt went on to testify that he had received instruction in the signs of narcotics while in the Air Force; that based upon his past experience, he believed that the appellant was under the influence of narcotics; and that he lacked coordination and had glassy eyes; and that his speech was slurred.

Again, the physical condition of the appellant, even including the fact that he was under the influence of narcotics, is a material circumstance to the commission of the offense. Williams v. State, supra. The fact that Hustedt had experience dealing with narcotics and had an opportunity to observe and did observe the appellant made him competent to form an opinion as to whether the appellant was under the influence of narcotics. See: Ex parte Droppleman, Tex.Cr.App., 362 S.W.2d 853.

There being no reversible error, the judgment is affirmed.