## WASH BLAKE v. THE STATE.

### No. 4420.   Decided March 28, 1917.

**1.—Burglary—Statement of Facts—Trial Judge.**

Where the record showed that the case was tried by one district judge and the statement of facts was approved by another district judge, the same could not be considered on appeal. Following Richardson v. State, 71 Texas Crim. Rep., 111, and other cases.

**2.—Same—Evidence—Confessions—Arrest—Fruits of Crime—Predicate—Co-defendant.**

Where, upon trial of burglary, the confessions of the defendant while under arrest were introduced in evidence without proper predicate or showing that the testimony was based on the theory that the fruits of the crime had been discovered, the same was error, although the statements of the co-defendant being made in the presence of the defendant at the same time were admissible.

**3.—Same—Evidence—Convict—Competent Witness.**

A party is not a convict, although he may have pleaded guilty, until his case has been finally determined against him, or by his acceptance of the sentence, and there was no error in permitting such party to testify. Following Arcia v. State, 26 Texas Crim. App., 193.

**4.—Same—Evidence—Husband and Wife—Cross-examination.**

Where, upon trial of burglary, the wife of the defendant testified in his behalf, and both parties had closed their testimony, the State was permitted to recall the wife and cross-examine her upon new matter to contradict her husband, about which she had not been examined by him, the same was reversible error.

Appeal from the District Court of Gregg. Tried below before the Hon. John M. Tipps.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Shoults,* for appellant.—Upon question of confessions: Collins v. State, 123 S. W. Rep., 582; Callaway v. State, 55 Texas Crim. Rep., 262, 116 S. W. Rep., 575; Gaston v. State, 55 Texas Crim. Rep., 270, 116 S. W. Rep., 582; Fry v. State, 58 Texas Crim. Rep., 169, 124 S. W. Rep., 920.

On question of confessions of codefendant: Shiflett v. State, 51 Texas Crim. Rep., 530, 102 S. W. Rep., 1147; Watson v. State, 87 S. W. Rep., 1158.

On question of cross-examination of wife: Brock v. State, 44 Texas Crim. Rep., 335, 71 S. W. Rep., 20; Moore v. State, 44 Texas Crim. Rep., 526, 75 S. W. Rep., 497; Spivy v. State, 45 Texas Crim. Rep., 496, 77 S. W. Rep., 444; Davis v. State, 45 Texas Crim. Rep., 292, 77 S. W. Rep., 451; Yeirel v. State, 119 S. W. Rep., 848; Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Jones v. State, 51 Texas Crim. Rep., 472, 101 S. W. Rep., 993; Richards v. State, 53 Texas Crim. Rep., 400, 110 S. W. Rep., 432; Marsch v. State, 54 Texas Crim. Rep., 144, 112 S. W. Rep., 320; Young v. State, 59 Texas Crim. Rep., 137, 127 S. W. Rep., 758; Stewart v. State, 106 S. W. Rep., 685.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of statement of facts signed by judge who did not try the case: Alien v. State, 72 Texas Crim. Rep., 277, and cases cited in opinion.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The statement of facts can not be considered. The record shows the case was tried by Judge John M. Tipps and the statement of facts was approved by Judge Daniel Walker. This question has been decided in the cases of Richardson v. State, 71 Texas Crim. Rep., 111;

Porter v. State, 72 Texas Crim. Rep., 71, and Allen v. State, 72 Texas Crim. Rep., 277.

Appellant reserved a bill of exceptions to the action of the court admitting the confession of appellant while under arrest and unwarned. The bill is rather indefinite as to the real conditions and environments attending the introduction of the statements of the defendant as well as those of his codefendant Johnson. They were together under arrest and each one seems to save made practically the same character of confession. It seems from the bill that the court admitted the testimony on the theory that fruits of the crime, or instruments by which it was committed, were found by reason of the confession, though this is not clear. Upon another trial this testimony will not be admitted unless a proper predicate is laid. If the rule of the statute is not complied with upon another trial the bill should be explicit. If proper predicate is laid, we are of opinion the statements of the codefendant could also be introduced as these conversations occurred between the sheriff and the two parties, each having made practically the same statement in the presence of each other at the same time.

There is another bill of exceptions to the ruling of the court admitting the testimony of Louis Johnson. The objection seems to be based upon the theory that Johnson was a convict, and, therefore, not a competent witness. The qualification of the bill shows that Johnson had plead guilty, and that two days had not elapsed in which he could file motion for a new trial, and, therefore, he was permitted to testify. Under the statute and decisions construing it since Arcia v. State, 26 Texas Crim. App., 193, the judge's ruling was correct. A party is not a convict, although he may plead guilty, until his case has finally been determined against him either by affirmance or by his acceptance of the sentence.

A bill of exceptions was also reserved to the admission of testimony of the wife of appellant. This bill recites that after the State had introduced its testimony and rested, and after the defendant had introduced his testimony and rested, having used his wife, Agnes Blake, as a witness in his behalf on the issue of alibi, and after the defendant had testified himself, and in his testimony had stated that Bob Davis was with him on the night of the burglary, attended some kind of a meeting with him at a hall in Longview, and went home with him about 11 o'clock at night, being the night of the burglary, and after he had testified that Bob Davis was sleeping in a room at his said home, and was aroused by the codefendant, Johnson, and was present when the defendant was called by Johnson and notified by him where the meat, lard, soap and other property was which had been stolen from the burglarized house, and after defendant had testified that said Bob Davis went with him to the place where the stolen property was, and to facts that excluded appellant's presence at the burglarized house, or his knowledge of the burglary until his attention was called to it by Johnson after the completion of the burglary, the State then called

appellant's wife and made her a witness for the State, and over appellant's objection interrogated her fully about her knowledge of the movements of Bob Davis, both on the day and night of the burglary, and before and after that time, and had said witness testify, in substance, that she did not see Bob Davis on said night; that Bob Davis was not at the home of herself and defendant on said night; that Louis Johnson did not arouse or awake Bob Davis at defendant's home on the said night; that Bob Davis had never roomed or boarded at defendant's home as testified by defendant, but as she recollected had left or moved away from Longview before said burglary was committed. To all of which testimony and proceedings defendant reserved his exception, setting out various grounds. The court thus qualifies this bill: "The State had closed and defendant had closed in main, and the State requested permission to place Agnes Blake on the stand to ask her a question the State overlooked and did not ask on cross-examination while she was on the stand. The request was granted. The question asked and the answer given." It will be observed the qualification of the bill does not throw any light on the subject nor impair the strength of the bill as prepared by the defendant and signed and approved by the judge. It is statutory and the well settled rule that the wife can not be used as a witness against her husband, except in that class of cases where one may inflict violence upon the other; and it will also be observed that the rule is well settled that the wife can not be used by the State to develop new matter, for if that occurs she then becomes a State's witness. The wife on her examination had not developed anything with reference to Bob Davis, and when the State recalled her and questioned her with reference to Bob Davis at her home on the occasion inquired about, it was new matter and could have been used for no other purpose than to contradict her husband, and that upon subjects about which she had not been examined by her husband. These cases are found collated in Mr. Branch's Crim. Law, secs. 851 and 852. There are quite a number of decisions there to be found. See also Vernon's Ann. C. P., at page 727, for the statute and annotations.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*