SALSMAN, J.
 

 Appellant and William V. Johnson were charged with murder and robbery (Pen. Code, §§ 187 and 211). Appellant entered a plea of not guilty. The trial court suspended proceedings pursuant to Penal Code, section 1368 and appointed psychiatrists to examine appellant. After a hearing he was found presently insane within the meaning of section 1368 and committed to Atascadero State Hospital.
 
 *32
 
 Twenty-six months later he was returned to court for trial. Before trial he entered a plea of not guilty by reason of insanity. A jury found him guilty of murder of the first degree and robbery of the second degree. Later the jury found him sane at the time of the commission of both offenses.
 

 Shortly before his death, the victim was seen drinking in a bar with two young men. He was found dead in his apartment, beaten and robbed. Much of his personal property was missing. A day or two after the murder some of the victim’s property, including a bag containing prescription medicine bottles bearing his name, was found in a room in a hotel in San Mateo. The hotel room had been occupied the night before by appellant and William Johnson. A few days later appellant asked a sailor in San Diego to pawn a ring for him. The ring was owned by the victim. Appellant’s fingerprints were found on many objects in the victim’s apartment.
 

 Appellant was apprehended by agents of the FBI in Phoenix, Arizona. Before being questioned he was given an adequate warning of his right to counsel and his right to remain silent. The day after his apprehension he was also questioned by Inspector Welch of the San Francisco Police Department. Inspector Welch did not warn appellant of his constitutional rights. His interrogation was recorded without his knowledge. In his statement to Inspector Welch appellant admitted he knew Johnson and had been with him in San Francisco at about the time the crime was committed; that they had been drinking in a bar, and one patron had bought drinks for them; that the bar he was in was near, or identical, to that in which the victim had been seen drinking with two young men. He denied, however, following the victim to his home, or going up to or in the victim’s apartment, and further denied any knowledge of the victim’s robbery or death.
 

 Appellant’s recorded statement was introduced in evidence by the prosecutor as part of the People’s case in chief.
 

 Appellant testified. He said, in effect, that he had been taking methedrine and alcohol in increasing doses for six months before the date of the crime, and as a result had no recollection of events during the time the crime was committed. A doctor testified that, in his opinion, a person who had been taking steadily increasing quantities of methedrine and alcohol over a period of months, as testified to by appellant, would not be able to form an intent or to indulge in premeditation. A second doctor gave similar testimony.
 

 The court instructed the jury upon appellant’s defense of
 
 *33
 
 diminished mental capacity. The court told the jury it could consider the evidence on this issue for the purpose of determining whether the appellant ”... did any act charged against him and, if so, whether or not at the time there existed in him the specific mental factor and the intent which must accompany the act to constitute a certain crime or degree of crime.” The court also said that the jury could consider appellant’s intoxication ”.
 
 . .
 
 in determining the purpose, motive or intent with which he committed the act.” Penal Code, section 22
 
 [1]
 
 was also read to the jury.
 

 After instructing the jury upon both degrees of murder the court declared that, on the evidence, ”... either the defendant is innocent of the charge of murder or he is guilty of murder in the first degree.” The court refused appellant’s proposed instructions on manslaughter.
 

 Appellant first contends it was error to permit introduction into evidence of his recorded statement taken by Inspector Welch at the Phoenix jail. He argues that he was not properly advised of his constitutional rights and that he did not knowingly waive them. He cites
 
 Escobedo
 
 v.
 
 Illinois,
 
 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758];
 
 People
 
 v.
 
 Dorado,
 
 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] ;
 
 Miranda
 
 v.
 
 Arizona,
 
 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and
 
 Gideon
 
 v.
 
 Wainwright,
 
 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].
 

 The record does not support appellant’s contention. As we have seen, appellant was first arrested by agents of the FBI. Upon his arrest he was given an admonition of constitutional rights sufficient to comply with the rules of cases decided up to that time. Appellant concedes that the rules announced in
 
 Miranda
 
 have no application to our facts. (See
 
 People
 
 v.
 
 Rollins,
 
 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].) But appellant argues that, despite the warning given by the agents of the FBI, he was entitled to have a new admonition delivered to him the following day when Inspector Welch began his interrogation. We do not agree.
 

 The purpose of the cautionary admonition of constitutional rights is to make certain that persons about to undergo
 
 *34
 
 custodial interrogation are aware of and understand their right to silence and to counsel. One adequate warning sufficient to comply with the Constitution and the rules declared in controlling cases decided by the United States Supreme Court and the Supreme Court of California is sufficient. We deem it unnecessary, and not required by any provision of the Constitution or rule of any decided case of which we are aware, that more than one adequate warning be given to a person in custody who may later be subject to successive interrogations.
 

 Appellant’s recorded statement was heard by the jury as a part of the People’s ease in chief. It is conceded that many of the statements made by appellant to the officer were false. He now argues that it was error to receive his statement in evidence because it was not impeaching, since he had not yet testified, and he was thus made to appear as a liar before he took the witness stand. Finally he urges that his statement was hearsay and hence inadmissible.
 

 Appellant’s argument cannot be supported. His statement related materially to the issue of his guilt or innocence. The rule is well established that any false statement made by a criminal defendant, if not otherwise inadmissible, may be used at trial to show consciousness of guilt.
 
 (People
 
 v.
 
 Osslo,
 
 50 Cal.2d 75, 93 [323 P.2d 397];
 
 People
 
 v.
 
 McFarland,
 
 58 Cal.2d 748, 758 [26 Cal.Rptr. 473, 376 P.2d 449];
 
 People
 
 v.
 
 Ford,
 
 200 Cal.App.2d 905, 920 [19 Cal.Rptr. 758].) There was no error, therefore, in permitting the jury to hear appellant’s recorded statement as part of the People’s case before appellant had an opportunity to testify.
 

 Appellant complains that, although the court instructed properly on his defense of diminished capacity, it nullified its instructions on this issue by also instructing the jury in the language of Penal Code, section 22. We see no merit in this contention. Appellant’s drug-induced intoxication was purely voluntary. As such, it might operate to negate specific intent, but it does not excuse homicide.
 
 (People
 
 v.
 
 Conley,
 
 64 Cal.2d 310, 323 [49 Cal.Rptr. 815, 411 P.2d 911] ;
 
 People
 
 v.
 
 Baker,
 
 42 Cal.2d 550, 575 [268 P.2d 705].) An instruction in the language of section 22 was therefore appropriate.
 

 As we have seen, the court refused appellant’s instructions on manslaughter, and charged the jury that he was either innocent of any homicide or guilty of murder of the first degree. In this the court was in error.
 

 A homicide, committed in the perpetration of a rob
 
 *35
 
 bery, is murder of the first degree. (Pen. Code, § 189;
 
 People
 
 v.
 
 Lookadoo,
 
 66 Cal.2d 307, 314 [57 Cal.Rptr. 608, 425 P.2d 208];
 
 People
 
 v.
 
 Washington,
 
 62 Cal.2d 777, 780-781 [44 Cal.Rptr. 442, 402 P.2d 130];
 
 People
 
 v.
 
 Cocfield,
 
 37 Cal.2d 865, 868 [236 P.2d 570].) In
 
 People
 
 v.
 
 Washington, supra,
 
 62 Cal.2d 777, 780, the court said: ‘ ‘ The felony-murder doctrine ascribes malice aforethought to the felon who kills in the perpetration of an inherently dangerous felony.” But the defense of diminished capacity is applicable to all crimes which require specific intent, including robbery. If in fact appellant did not possess sufficient mental capacity to form an intent to deprive his victim permanently of his property, he could not be guilty of robbery, and hence not guilty of felony-murder. Appellant’s defense of diminished mental capacity was raised against both the murder charge and the robbery charge. If the jury had sustained his defense as to the robbery charge and thus found him not guilty of that offense, it would then have been required to consider appellant’s guilt on the murder charge. As to this offense also, diminished capacity was an issue, and if the jury had sustained it they might well have found him guilty of a lesser included offense, such as manslaughter. Under the circumstances of this case, manslaughter instructions were required, notwithstanding the involvement of the felony-murder rule. (See
 
 People
 
 v.
 
 Ford,
 
 65 Cal.2d 41, 58, fn. 9 [52 Cal.Rptr. 228, 416 P.2d 132].)
 

 Despite the error, however, appellant suffered no prejudice. The jury was fully and fairly instructed on the defense of diminished capacity. The court’s instructions ran both to the murder and robbery charges. The jury found appellant guilty of robbery. It thus rejected his claim of diminished capacity as to this offense. Since appellant’s victim met his death in the course of the robbery, the felony-murder rule is applicable, and appellant was properly found guilty of first degree murder. The court’s comment, to the effect that appellant was either innocent of any homicide or guilty of first degree murder, was therefore harmless.
 

 The judgment is affirmed.
 

 Draper, P. J., concurred.
 

 A petition for a rehearing was denied November 8, 1967, and appellant’s petition for a hearing by the Supreme Court was denied December 7, 1967. Peters, J., was of the opinion that, the petition should be granted.
 

 [1]
 

 Penal Code section 22 reads: “No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act.
 
 ’ ’