**Charles William LEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41149.**

Court of Criminal Appeals of Texas.

March 27, 1968.

On Rehearing May 29, 1968.

Thomas D. White, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft of an automobile; the punishment, two and one-half years.

The first and second grounds urged for reversal are that, "The Trial Court erred in failing and refusing to instruct the jury that they could not convict Appellant Lee upon the statements and oral declarations which Deputy Sheriff Horton and Chief of Police Cook testified that Don Hogue and Ronnie Lynn Fountain made to them or to either of said officers unless said statements were corroborated by other evidence tending to connect the Appellant with the offense committed and that the corroboration would not be sufficient if it merely showed the commission of the offense"; and even if said statements were made in appellant's presence his right to remain silent and not give evidence against himself was destroyed.

Hogue and Fountain did not testify.

Chief of Police Cook testified in part as follows:

"Q   I see. Where did you get these license plates JGV767?

"A   Over on the east side of Mud Creek on Highway 204.

"Q   Highway 204?

"A   Yes sir.

"Q   Where abouts were they?

"A   They were thrown out in the woods out in a brush pile.

"Q.   I see.  How did you know that they were out there?

"Appellant's Counsel:  Your Honor, we object to any—well, may I take him on Voir Dire just a minute.

"The Court:  You may.

"Appellant's Counsel:  It was not through anything that this boy told you that you found those plates, by this boy I mean Charles William Lee.

"A   Not what he told me.

"Appellant's Counsel:  Yes sir.  Now you were told by another person where those plates were, is that right, Chief?

"A   Best of my recollection it was three of them that told me.

 *    *    *    *    *    *

"Q   Don't you recall testifying in April of 1965 that it was someone else that told you where the license plates were, took you where the license plates were.

 *    *    *    *    *    *

"A   I don't remember, sure don't.  I wouldn't swear to it, but I do remember three subjects going with us and showing us where things were throwed out by the side of the road and showed us the place where the license plates and air cleaner were throwed away.

"Q   Do you mean they were all three in the same police car that went out there?

"A   Yes sir."

Deputy Sheriff Horton testified that appellant either alone or in company with Hogue and Fountain directed him to the items taken from the stolen Pontiac; that appellant was not alone while going to the scene and that appellant saw the plates when they were picked up near the road.

The witness Horton further testified:

"Q   All right, where did you go from there?

"A   I went on down the highway looking for some papers that had been throwed out of the car.

"Q   Did you find them?

"A   Yes.

"Q   Prior to the time you found these papers did you know where they were?

"A   I did not.

"Q   Did you have any idea where they were?

"A   I did not.

"Q   And who directed you to the location where the papers were?

"A.   The three subjects in the car.

 *    *    *    *    *    *

"Q   All right, I will ask you specifically at any time on that trip did the defendant, Charles William Lee, admit the taking of the Pontiac automobile of Mr. Ernest Arrington?

"A   I will put it this way, all three admitted they had stolen a car, I'm not specific saying not one, but they all three admitted stealing the car or implicated they were all in it."

No testimony of Cook and Horton is found showing anything that Hogue and Fountain told them or either of them in the absence of the appellant which lead to the discovery of the license plates.

While testifying, the appellant admitted he was behind the steering wheel of the stolen Pontiac when arrested, but testified that he had nothing to do with stealing it and did not know it was stolen until his arrest; and that he never told or took the officers to the license plates, and that he was asleep when he, Hogue, and Fountain went with the officers to get the plates.

The court charged the jury that if they found beyond a reasonable doubt that Hogue and Fountain made oral statements pertaining to the plates and filter, not to consider them for any purpose, unless they were made in the presence and hearing of the appellant.

■■ In light of the record including the testimony of the appellant, no error is perceived in failing to charge the jury on the necessity of corroborating the oral statements of Hogue and Fountain before they could convict. The evidence, outside of any statements made by Hogue or Fountain, was sufficient, in and of itself to sustain the conviction in this case. No reversible error appears in giving the charge pertaining to the consideration of said statements, if made, for the reason that they occurred between the officers and the three parties, each having made practically the same statement in the presence of each other under the same circumstances. Blake v. State, 81 Tex.Cr.R. 87, 193 S.W. 1064. Grounds of error Nos. 1 and 2 are overruled.

A ground of defense was that the offense of theft was actually committed and completed by Hogue and that the appellant was not present or aiding or abetting Hogue at the time of the theft of the automobile; and that the court should have charged the jury that to constitute the offense of theft there need be no asportation of the stolen property.

■ The court charged the jury that if appellant was in recent possession of the automobile, they could not convict him unless they found beyond a reasonable doubt that it was stolen, and that the appellant obtained possession of said automobile in the original theft, if any, while acting either alone or as a principal offender; and applied the law of reasonable doubt thereto.

In light of the evidence, the charge as given sufficiently protected the rights of the appellant. Ground of error No. 3 is overruled.

The other grounds of error presented have been considered and it is concluded that none of them reveal error.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

We have concluded that appellant's ground of error number seven, which we did not discuss in our original opinion, calls for a reversal of this conviction.

■ In the absence of the jury, in order to establish the grounds for his objection to the testimony of Officer Cook, appellant's Counsel sought on voir dire to determine if Cook was testifying about a conversation that he had had with appellant and his companions after their arrest or whether he was preparing to recount only what appellant's two companions had said. Evidently on the theory advanced by the State that appellant had gone into the matter, the witness was permitted to testify before the jury that appellant and his two companions had told him where the stolen license plates might be found, all of this over appellant's objection and in the absence of a showing of any warning. In so ruling, the Court was clearly in error and in the face of the holding of the Supreme Court of the United States in Vignera v. New York, reversed sub nomine Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 1604, 16 L.Ed.2d 694.

■ In addition to the above the Court permitted Officer Horton to testify that the three suspects (including appellant) directed him to the location where certain papers missing from the stolen car were found and that "all three admitted stealing the car". At each juncture appellant objected and such objections were overruled.

The appellant's motion for rehearing is granted: the judgment of affirmance is set aside: the judgment is reversed and the cause is remanded.

## CONCURRING OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

The dissent is apparently grounded upon the belief that appellant's counsel first elicited testimony as to the oral confession leading to the recovery of the license plates. The record as to the direct examination of Chief of Police Cook reflects the following:

"Q. I see. Where did you get these license plates JGV767?

"A. Over on the east side of Mud Creek on Highway 204.

"Q. Highway 204?

"A. Yes sir.

"Q. Where abouts were they?

"A. They were thrown out in the woods out in a brush pile.

"Q. I see. How did you know that they were out there?

"MR. THOMAS D. WHITE: Your honor, we object to any—well, may I take him on Voir Dire just a minute.

"THE COURT: You may.

"MR. THOMAS D. WHITE: It was not through anything that this boy told you that you found those plates, by this boy I mean Charles William Lee.

"A. Not what he told me.

"MR. THOMAS D. WHITE: Yes sir. Now you were told by *another person* where those plates were, is that right, Chief?

"A. Best of my recollection it was *three of them* that told me.

"MR. THOMAS D. WHITE: Your honor, may we have the jury retired just a minute?

"THE COURT: Ladies and gentlemen of the jury please retire until the Court sends for you." (Emphasis supplied.)

It is clear from the above, that the State sought to introduce the oral confession without laying the proper predicate. Apparently trying to lay the basis for his objection, appellant's counsel took Chief Cook on voir dire. After establishing that the license plates were not found by anything said by the appellant, the appellant's counsel asked the question and received the answer which the dissent contends opened the door. After the jury had retired at appellant's counsel's request, he objected that there had been no showing of the proper warnings, including the right to remain silent, the right to counsel, etc. He further pointed out to the court that the witness merely said, "three of them," without identifying which persons he had in mind. The objection was overruled and thereafter in the jury's presence, over vigorous objections, the "three of them" were then identified and oral statements attributed to the appellant and his co-defendants during interrogation and leading to recovery not only of the license plates but also an air cleaner and business papers were repeatedly introduced.

I, therefore, concur in the reversal of this cause for the failure of the prosecution to demonstrate that the warnings and waiver required by the decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were given prior to the admission into evidence of appellant's oral confession which supposedly lead to the fruits of the crime.

The record clearly reflects that appellant and his co-defendants were taken into custody in Henderson, Rusk County, on the 15th day of March, 1965, by Officer Jolly. After being held over night they were taken into custody and removed by the Chief of Police Cook and Deputy Sheriff Horton to Jacksonville, Cherokee County. Thereafter, they were interrogated by the two officers and it was from this interrogation the oral confessions resulted.

Generally, oral confessions made while a defendant is in confinement or in custody of an officer have long been inadmissible in Texas. It is only those oral statements of fact or circumstances that are found to be true, which conduced to establish the accused's guilt such as a finding of secreted or stolen property, or the instruments with which he states the offense was committed, that are rendered admissible by the statute.

Statutory warnings long required for written confessions were not required for an oral confession leading to the fruits of the crime under the provisions of Article 38.22, Vernon's Ann.C.C.P., in effect at the time of appellant's trial. The fact, however, that the Texas statute did not require warnings prior to the giving of such oral confessions leading to the fruits of the crime does not affect the applicability of Miranda to the confessions in question. This trial commenced on April 17, 1967, after the effective date of Miranda. See Johnson v. State of New Jersey, 384 U.S. 719, 85 S.Ct. 1772, 16 L.Ed.2d 882.

For the reasons stated, I concur in the reversal of this cause.

### DISSENTING OPINION ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

While there is no mention of such in our original opinion, or in the motion for rehearing, appellant's brief filed in the trial court set out as ground of error No. 7: "The trial court erred in permitting the introduction of statements allegedly made by appellant; appellant being under arrest at the time of said alleged statements, he having not been warned of his right to remain silent, his right not to give evidence against himself and his right to counsel."

The brief contains no argument in support of this ground of error and cites no authorities.

The majority now sustain this ground of error and reverse under the holding of the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 1604, 16 L.Ed.2d 694.

As pointed out in our original opinion, it was appellant's counsel who first elicited the testimony that the license plates which had been removed from the stolen car were found from what all three of the co-indictees told the Chief of Police and Deputy Sheriff, and that all three were in the same police car and "showed us the place where the license plates and air cleaner were throwed away."

The record further reflects that Officer Jolly saw appellant walk out of a cafe in Henderson and get in the driver's seat of the stolen car, some two hours after it was stolen, and observed that the license plates had been put on recently and the inspection sticker had been scratched so the license tag number on it could not be read and he detained appellant and his companions for the Jacksonville authorities.

Appellant elicited from this witness testimony that Hogue told him that he had stolen the Pontiac and, in the jury's absence, elicited from Officer Jolly the fact that after he apprehended and took them in custody he talked to each of the three privately.

The state offered no evidence elicited from appellant in his interrogation by Officer Jolly.

The statements and confessions which the majority conclude were inadmissible under Miranda v. State of Arizona which the state proved were made while the three co-defendants were together and the officers who had them in custody were being directed to the brush pile in the woods where the license plates removed from the stolen car had been thrown. They were admitted only after the defense had elicited the testimony that it was through what "three of them" told the officers that the license plates were found.