**Douglas McArthur WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41369.

Court of Criminal Appeals of Texas.

June 26, 1968.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

OPINION

The offense is murder; the punishment, seven years.

We will discuss appellant's grounds of error in the order raised in his brief filed in the trial court.

He first contends that the court erred in permitting State's counsel to allude to the relationship between the deceased and appellant as homosexual. The only question referring to such relationship to which an objection was leveled was when the prosecutor was questioning appellant on cross-examination about the Desert Lounge (where the homicide occurred) and following took place:

"Q. (By State's counsel) What kind of a place is the Desert Lounge?

A. Just an ordinary place.

Q. A place where homosexuals congregate?

(Appellant's counsel): We object. * * *"

Later on in the cross-examination the following questions and answers were asked and elicited:

"Q. (By State's counsel) As a matter of fact the whole thing was a lover's quarrel, wasn't it?

A. No, Sir, I have never told anyone that.

* * * * * *

Q. As a matter of fact the Desert Lounge was known as a homosexual place?

A. It may have been at one time before I started going there."

He next contends that the court "erred in permitting the corpus delicti to be proven solely by the admission of the appellant". We construe this as a challenge to the sufficiency of the evidence. It was conclusively shown by the doctor who performed the autopsy that the deceased died from gun shot wounds. Blood was traced from the Desert Lounge to the place where deceased's body was found. The state called the witness, Crawford, who testified that he left the Desert Lounge with appellant on the night in question soon after he had heard some shots, that after leaving the Lounge appellant told him that he (appellant) had shot the deceased, and that he saw the appellant place a pistol on the automobile seat beside him. Appellant further called the witness, Davis, who testified substantially as had Crawford.

It has been well established in this State, since Kugadt v. State, 38 Tex.Cr.R. 681, 44 S.W. 989, that where the deceased is shown to have lost his life as the result of some criminal agency, and that the accused committed the act, the corpus delicti has been shown. See the cases collated in Texas Digest, Criminal Law 535(2) and Homicide 228(1).

In view of the facts set forth above, the court did not err in refusing to grant appellant's first motion for an instructed verdict on the ground that there was "no proof appellant owned or possessed a gun, or that appellant fired a gun, or how many shots were fired, or that the deceased or appellant were ever at the Desert Lounge."

His last contention is that the court also erred in failing to grant an instructed verdict because appellant testified that the officers who had him in custody refused to allow him to use the telephone and attempted to coerce him into confessing. Since no confession was made or offered in evidence, we overrule appellant's contention that Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is here controlling.

Finding no reversible error, the judgment of the trial court is affirmed.