**Willie FIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43880.**

Court of Criminal Appeals of Texas.

June 16, 1971.

R. H. Stauffacher, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at life.

The main contentions of the appellant are that an oral confession was erroneously admitted and that there was insufficient evidence to corroborate the confession.

The record reflects that on the morning of June 12, 1968, Winslow Thompson, a 79-year-old man, was working his garden at his home in Houston when he saw a young woman lying on the ground. At first he thought she was drunk and later realized that she was dead.

Dr. Joseph Jachimczyk testified that he performed an autopsy on the 19-year-old woman named Betty Young. He testified that there was swelling of the eyes, abrasions on her face and neck and over her shoulder blade, a fractured hyoid bone and thyroid cartilage or Adams apple. He also testified that there was blood in the backside of the neck. He also found spermatozoa in the victim's vagina and rectum. The cause of death, according to the doctor, was asphyxia due to strangulation.

Joe Mathis testified that he operated Joe's Blue Flame, a lounge, at 1921 Gregg, about two blocks from Lyons Avenue, and that he saw Willie Fields and Betty Young, the deceased, in his place between 10:30 and 11:00 p. m. the night in question.

Heartful Smith testified that he was in his upholstery shop in the 3900 block of Lyons Avenue between 11:30 and 12:00 p. m. on the night of June 11, 1968, when he saw the deceased walking by and the appellant walking behind her.

Alvia Fountain testified that on the night in question she saw Betty Young, her cousin, at the Mixing Bowl in the 3700 or 3800 block of Lyons Avenue where the appellant was holding Betty Young's yellow purse and the two were arguing. The appellant refused to give the purse back to Betty.

Testimony of the oral confession was introduced. Detective Smith testified that the appellant told him that he and the deceased had been in a beer joint at 3900 Lyons Avenue and that they had gone into a little house in an alleyway nearby and had sexual intercourse; that when they got outside the house the deceased told him that he did not love her and she then put her hand in his face; that he then lost his senses and knocked her down a couple of times in the alleyway. She then got up and ran. He caught up with her at the garden. He had on what he called a head or processing scarf, because he had had a treatment to his hair called a process job. He took off the scarf and choked her with it, knocked her into the garden, took her purse and left. He then told the officer that he tore the purse in half and threw one half in front of a house by a hedge and the other half upon the roof of a store.

Officer Smith further testified that the appellant stated that he had killed Betty Young and that the appellant showed him the garden where he stated he choked the deceased. The appellant then took him to a store with a sloping roof on the corner of Gregg and Market Streets. Officer Smith found half of a yellow purse nearby where apparently it could have fallen from the roof. That part of the purse had the name of the deceased on it and it was shown by the testimony that she had it with her on the night in question when it contained some $100.

In Warren v. State, Tex.Cr.App., 430 S. W.2d 215, this Court held:

"It has been well established in this State, since Kugadt v. State, 38 Tex.Cr. R. 681, 44 S.W. 989, that where the deceased is shown to have lost his life as the result of some criminal agency, and that the accused committed the act, the corpus delicti has been shown. See the cases collated in Texas Digest, Crim-

inal Law ▮▮▮ and Homicide ▮▮▮
▮▮

▮ In the establishment of the corpus delicti, confessions are not to be excluded, but are to be taken with other facts and circumstances in evidence. Whitaker v. State, 160 Tex.Cr.R. 271, 268 S.W.2d 172.

▮ There was sufficient evidence to connect the appellant with the homicide and to support the conviction. See also Smith v. Texas, 329 F.2d 498 (5th Cir.).

The remaining question concerns the admissibility of the oral confession. The contention of the appellant is that he was coerced into making the confession.

The trial court held an extensive hearing out of the presence of the jury and found that the appellant was properly warned before the confession was made. The question of voluntariness was also submitted to the jury and was again answered adversely to the appellant.

Betty Young was found dead on the morning of June 12. Detective Smith testified that the appellant was questioned when he was not under arrest on June 20, 1968. Arrangements were made for the appellant to take a polygraph test on June 25. When the appellant was to take the test, he was uncomfortable because he had a venereal disease. The officers arranged for him to be treated at a clinic. The appellant in the meantime submitted names of several people for the officers to check as possible suspects in the case. On July 7 the appellant left word at the police station that he wanted to talk to Officer Smith. An appointment was made for a polygraph test to be taken on July 8.

Charles Brown, an officer, testified that he gave the appellant the blue card (the statutory) warning several times. Detective Smith testified that he gave the appellant the blue card warning on June 20. Felix Stanley, a municipal court judge, testified that he warned the appellant on July 8 of his rights under Article 15.17, Vernon's Ann.C.C.P.

On the voluntariness of the confession, outside the presence of the jury, the appellant testified that he discovered that Betty Young had been killed about four days after the night in question. He testified that he was questioned by the officers sometime later, and he attempted to help them find out who killed her. He testified that he got in touch with the police when he found out where her purse was. He further testified that on the night in question, he had her purse and his wallet in his pocket and went to sleep. Later when he woke up, he found his pocket had been cut and both were gone and later found out from a friend where to locate the purse. He also testified that he told the officers he killed Betty Young because they threatened to whip him.

He admitted that he agreed to take the polygraph test and that he was warned by Judge Stanley and the officers about his right to remain silent and to have an attorney present. On cross-examination he admitted that he had been convicted for assault with intent to murder in 1965 and had served time for it.

The officers denied that they had threatened the appellant.

▮ The trial judge made lengthy findings and concluded as a matter of fact that the oral confession was voluntarily given without compulsion or persuasion or improper influence. He had sufficient evidence before him to support the findings. Since the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, a warning is required before an oral confession is admissible even though the confession leads to the implements or fruits of the crime. Lee v. State, Tex.Cr. App., 428 S.W.2d 328. Cf. Article 38.22, V.A.C.C.P.

According to the State's testimony, the appellant walked into the police station and voluntarily made the statement when he

was not under arrest. Substantially the same testimony was offered before the jury (excluding references to a polygraph test). It is not necessary to decide if the appellant was in custody at the time of the confession.

This confession according to the evidence and findings of the trial judge and the jury was sufficient under Article 38.22, V.A.C.C.P., and Miranda v. Arizona, supra. No error in its admission has been shown.

The judgment is affirmed.