Billy Wayne **HERRON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45242.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

brought evidence that a 1965 white Chevrolet with a black vinyl top was seen in the vicinity of the Motel at approximately the time of the commission of the offense. The State of Texas introduced into evidence a written confession of the Defendant, BILLY WAYNE HERRON, stating that he and BOBBY JOE DANIELS committed the above referred to offense. Also introduced was the oral confession of BILLY WAYNE HERRON that an automobile belonging to HENRY JAMES LINDLEY was used to transport him to and from the Motel and that this automobile was a 1965 white Chevrolet with black vinyl top."

The appellant's sole ground of error relates to the admission into evidence of the oral confession made by the appellant.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, ninety-nine years imprisonment.

The sufficiency of the evidence is not challenged. A brief statement of the facts appearing in the appellant's brief is as follows:

"On the 3rd day of May, 1969, the Holiday Terrace Motel was robbed and MR. PAUL GREGGS RAY was killed.

"The State of Texas brought evidence to show that approximately TWO HUNDRED DOLLARS ($200.00) was taken from the office of the Motel. They also

The appellant's complaint is two-fold, first that the appellant was not advised of his constitutional rights before making the oral statement and second, that the provision of Article 38.22, Vernon's Ann.C.C.P. regarding the admissibility of oral statements is unconstitutional in that it does not require that the appellant be advised of his constitutional rights before the oral confession is made.

As to the second contention, Article 38.22, V.A.C.C.P. permits oral statements to be admitted if the defendant makes a statement of facts or circumstances that are found to be true which conduces to establish his guilt such as the finding of secreted or stolen property or the instrument with which he states the offense was committed. If the implicating statements constitute such oral confession and they are the result of custodial interrogation, the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) must be met. Lee v. State, 428 S.W.2d 328 (Tex.Cr.App.1968); Fields v. State, 468 S.W.2d 71 (Tex.Cr.App.1971) and Walker v. State, 470 S.W.2d 669 (Tex.Cr.App.1971).

The appellant makes no complaint and appears to concede that his written statement was voluntarily made and properly admitted into evidence. However, to understand his position concerning the oral confession, it is necessary to state additional facts concerning the making of the written statement.

The appellant, who had been serving time on another conviction in the Department of Corrections, was returned to the Dallas County Jail on a bench warrant. At approximately 9:10 a. m. Sergeant McDonald of the Mesquite Police Department, with another officer, came to the Dallas County Jail. They took custody of the appellant and immediately appeared with the appellant before a magistrate, who advised the appellant of his constitutional rights in full compliance with Article 15.17, V.A.C.C.P. and Miranda v. Arizona, supra.

The appellant was then returned to an interview room in the jail building where he was again fully advised by Detective McDonald of his constitutional rights in compliance with Article 38.22, V.A.C.C.P. and Miranda v. Arizona, supra. The appellant was interrogated by the officer until approximately 1:00 p. m., with a "coffee break" taken during this time. Appellant was again interrogated by the officer from 2:15 p. m. until approximately 3:00 p. m. By that time the appellant had admitted his participation in the commission of the offense and agreed that the confession he made could be reduced to written form. After the written statement had been completed, two employees of the news media who were in the courthouse witnessed the appellant sign the statement.

Within four or five minutes after the written statement had been signed and witnessed, the officer continued his conversation with the appellant and asked him the name of one "Ford" mentioned in the written statement. The appellant told him that "Ford" was Henry James Lindley. He further related that Lindley was the owner of the automobile which had been used in the commission of the offense. Appellant described the automobile as a white 1965 Chevrolet with a black vinyl roof—a four-door hardtop. He also told the officer the automobile had been damaged around the right front headlight and on the right rear side.

The officer found Lindley, who told him that he had owned a 1965 white Chevrolet hardtop which was white with a black vinyl top and that the car had been repossessed. The officer also obtained the license plate number of the car when it was owned by Lindley. The automobile was traced through the repossessors and several who had possessed it in the meantime, until it was found in the possession of Benny O. Baker. The officer also traced the automobile through state records and found that the automobile which Baker possessed had been owned by Lindley. McDonald had carefully inspected the automobile and found that the damaged portions of the car had been repaired, but he found the formerly damaged areas to correspond with what the appellant had told him. Photographs of the automobile which had been made were introduced into evidence.

McDonald was permitted to testify before the jury as to his oral conversation with the appellant which led to the discovery of the automobile in which the appellant had committed the offense. The officer testified that he would have been unable to find the automobile had not the appellant told him that Henry James Lindley was the person referred to as "Ford" in his written statement.

■ The appellant urges that it was necessary for the officer to again warn or advise the appellant of his constitutional rights before the making of the oral confession. We hold, consistent with the decisions in a number of other jurisdictions,

that the failure to again advise or warn the appellant of his constitutional rights did not vitiate the oral confession.

In Commonwealth v. Hoss, 445 Pa. 98, 283 A.2d 58, the Supreme Court of Pennsylvania, after citing authority from other states, said:

"These cases make it clear that where there is a time lapse of several hours, the accused is not moved, and there is a clear continuity of interrogation interrupted only by a lapse of time, there is no need for repeated warnings before the second interrogation."

In People v. Landgham, 122 Ill.App.2d 9, 257 N.E.2d 484 (1970), the Illinois court, in considering a similar contention, said:

". . . In other words, defendant contends that the warnings given him at the Strong home a very short time earlier that morning, should have been, but were not repeated. This contention, however, is answered by People v. Hill, 39 Ill.2d 125, 233 N.E.2d 367, where the court said, 39 Ill.2d 125 at 131–132, 233 N.E.2d at 371:

" 'It should be made clear that once *Miranda's* mandate was complied with at the threshold of the questioning it was not necessary to repeat the warnings at the beginning of each successive interview. To adopt an automatic second-warning system would be to add a perfunctory ritual to police procedures rather than providing the meaningful set of procedural safeguards envisioned by *Miranda*. Gorman v. United States, (1st Cir.) 380 F.2d 158, 164.'

"Therefore, a second *Miranda* warning was not necessary immediately before defendant gave the inculpatory oral statement. People v. Sievers, 255 Cal. App.2d 34, 62 Cal.Rptr. 841 (1967)."

We find that the record fully supports the trial court's findings that before the

appellant gave the oral confession, he was fully advised of his constitutional rights and he knowingly and voluntarily waived such rights.

The judgment is affirmed.

Opinion approved by the Court.